## JANE HIGHLAND

### v.

## NELLIE HIGHLAND ET AL.

1. BENEFIT CERTIFICATE INDORSED TO SISTER—SUBSEQUENT MAR-
RIAGE—NOT A WILL.—Henry M. Highland became a member of a Grand
Lodge, and upon the benefit certificate of the lodge being delivered to him
in 1878, on the face of such certificate he signed the following: "Brothers,
it is my will that the benefit named in this certificate be paid to my sister,
Jane Highland," which was witnessed by two members of the lodge. In
September, 1880, he married, and in November,1880, committed suicide. On
the day before he died, appellee, his wife, found in his pocket a paper on
which was written, with other directions, "I give to my wife everything."
The question at issue was, whether the wife or sister was entitled to the
$2,000 benefit, no change having been made in the indorsement. *Held*,
that the indorsement on the face of the certificate was not a will; that it was
undoubtedly designed by Highland as an authoritative declaration to whom
the benefit, specified in the certificate, should be paid, and Highland having
so directed, the money must be paid as directed, unless such direction has
been changed in the mode prescribed by the laws and constitution of the
order.

2. DELIVERY OF CERTIFICATE NOT NECESSARY.—In cases of this kind,
a delivery of the certificate of membership with the declaration to whom it
is made payable, is not necessary. It is a matter of contract, entirely, be-
tween the lodge and the member, and there is nothing in the contract or
the laws of the State requiring the beneficiary to have any knowledge of the
transaction, or to take possession of the certificate prior to the death of the
member.

3. CONSTRUCTION OF CONTRACT.—The proper construction of the contract
under section 8 of article 7 of the constitution of the lodge is, that the mem-
ber has the exclusive control of the object of his bounty, and that he may
give the money to any one he pleases, whether wife, child, relative or
stranger.

APPEAL from the Circuit Court of Adams county; the Hon.
J. H. WILLIAMS, Judge, presiding. Opinion filed November
20, 1883.

Messrs. HYNES, ENGLISH & DUNNE and Messrs. EWING &
HAMILTON, for appellant.

Messrs. EMMONS & WELLS and Mr. M. PIGGOTT, for appellee;
that the indorsement on the face of the certificate was a will

and it was not necessary that the subscribing witnesses should know that they were attesting the execution of a will, or that deceased should have declared that it was his will, cited Mc-Bride v. McBride, 26 Gratt. (Va.) 476; Dickie v. Carter, 42 Ill. 376; Allison v. Allison, 46 Ill. 61; 7 U. S. Digest, 902; Clark v. Ransom, 50 Cal. 595.

As to the construction of the word family: C. & N. W. R'y Co. v. Chisholm, 79 Ill. 587.

The subsequent marriage revoked the will: R. S. Ch. 39 § 10.

A policy of life insurance is subject to the same rules as govern the assignability of other choses in action: Marcus v. St. L. Mut. Life Ins. Co. 13 N. Y. 31.

An assignment of a life insurance policy never delivered, is invalid: Trough's Estate, 14 Am. Law Reg. 122.

It is not in the power of the member or of the lodge to alter, vary or defeat the right of those who, by the charter and laws of the lodge, are declared to be the beneficiaries, except in the mode and to the extent expressed therein: Duval v. Goodson, 9 Ins. Law Journal, 901; Worley v. N. W. Masonic Aid Asso. 14 Chicago Legal News, 155.

DAVIS, J. On the 21st of March, 1878, Henry M. Highland became a member of Oriental Lodge No. 777, Knights of Honor, at Quincy, Illinois, and on his admission as such member a certificate of membership, under the seal of Supreme Lodge Knights of Honor and of said Oriental Lodge was given to him substantially as follows:

### BENEFIT CERTIFICATE.

This certifies that Henry M. Highland has received the degree of manhood; that he is a beneficiary member of this lodge in good standing; that in accordance with, and under the provisions of the laws governing the order, the sum of two thousand dollars will be paid by the Supreme Lodge, Knights of Honor, as a benefit, upon due notice of his death and the surrender of this certificate, to such person or persons as he may by will or entry on record book of this lodge, or on

the face of this certificate direct the same to be paid, provided he is in good standing when he dies.

Given under the seal of Oriental Lodge No. 777 Knights of Honor, at Quincy, Illinois, this 21st day of March 1878.

> B. L. AYERS, Dictator,
> DAVID G. WILLIAMS, Reporter.

This certificate was delivered to Highland on the day it bears date, in open lodge, and he was then asked to whom he wished it made payable and he declared he wanted the money to be paid to Jane Highland, and on the face of such certificate he signed the following declaration:

Brothers, it is my will that the benefit named in this certificate be paid to my sister, Jane Highland.

> HENRY M. HIGHLAND.

Witness,

> GEORGE F. JASPER,
> DAVID G. WILLIAMS.

This certificate, with the indorsement, remained in the possession of Henry M. Highland until his death, and was then found in his trunk.

When Highland joined the lodge, about a month before the certificate was issued, the reason given by him for doing so was, that he wanted to obtain the $2,000 for the benefit of his sister against anything happening to him; that he wanted it for her on account of the support of his father, whom his sister was then supporting. On the 16th of September, 1880, Henry M. Highland was married to Nellie Highland, the appellee, and died on the 14th of November thereafter, having committed suicide by shooting. He left no children nor descendants of a deceased child, and had paid all assessments against him, and was in good standing in said lodge at the time of his death. On the day before he died, appellee took from his pocket in the room where he died, the following paper: "To my dear wife. I want you to have all my effects— everything. Tell my sister, if you ever hear from her. I want to be buried in Woodland Cemetery, and want Mr.

Highland v. Highland.

Anderson of the Congregational Church to preach my funeral ceremony.  I give everything to my wife.

"H. M. Highland."

After the death of said Highland, the Supreme Lodge Knights of Honor, on the 15th of January, 1881, by its proper officer, drew a draft on its Supreme Treasurer directing him to pay out of the Widows' and Orphans' Benefit Fund to the order of Jane Highland, sister of Henry M. Highland, deceased, $2,000, as per the direction of the deceased brother.

On the 28th of January, 1881, George F. Jasper, Financial Reporter, and the officers and trustees of Oriental Lodge No. 777, Knights of Honor, were notified by appellee that as the widow of the late Henry M. Highland she claimed the sole right to the mortuary benefit due on the life of said Highland, and demanded the payment thereof to her.

It appears by the record in this case that section 3, article 2 of the constitution governing the Supreme Lodge Knights of Honor, is as follows: " To promote benevolence and charity by establishing a Widows' and Orphans' Benefit Fund, from which, on the satisfactory evidence of the death of a member of this corporation, who has complied with all its lawful requirements, a sum not exceeding two thousand dollars, shall be paid to his family or as he may direct."  Section 8 of article 7 of the constitution of said lodge is as follows: "Any brother may cause to be entered upon the reporter's record book a direction to whom his benefit shall be paid, and he shall pay for such entry not less than twenty cents. He may at any time cause such entry to be changed upon paying a like fee, or he may have a benefit certificate issued to him upon paying the fee prescribed by the by-laws of this lodge for the same.  All such entries shall be made by the personal direction of the brother and read in open lodge.  In case no direction is made by a brother either by will, entry or benefit certificate, this lodge may cause the same to be paid to the person or persons entitled thereto."  *    *    *

Before the order for $2,000, payable to Jane Highland, was paid, appellee commenced this suit in chancery to compel the payment of such sum of money to her, and an order was en-

tered in the cause by the court below, directing the Supreme Lodge to pay said beneficiary fund to the clerk of the circuit court, to be held by him until the further order of the court, and releasing the lodge from further liability to the claimant of said fund.

On the hearing of the cause, in addition to the facts shown above, some evidence was given showing a desire on the part of Henry M. Highland at one time to change the certificate in favor of his wife, but no change was made and no application presented at any time to the proper officer, or in the mode prescribed by the lodge, for a change in the payment of the money.

The court below found, among other things, that the said Highland, by indorsement on the said certificate of membership on said lodge, made a testamentary disposition of said fund to his sister, Jane Highland, and that by his subsequent marriage with appellee, Nellie Highland, he annulled and revoked said disposition of said fund to his sister and directed in writing that all his effects should be given to his said wife. And it was decreed by the court that the said will written on the face of said certificate of membership be annulled and that appellee recover of said Supreme Lodge the said fund of $2,000, and that the clerk of the court, who has in his possession the said fund, pay and deliver the same to appellee on demand after deducting the costs of these proceedings out of said fund.

To reverse this decree, the cause is brought to this court by appeal, by Jane Highland, and the only question arising is as to which of the two claimants is entitled to the money.

It is claimed by appellee on two grounds: First, that the indorsement by Henry M. Highland on the face of the certificate of membership, that the money should be paid to his sister, Jane Highland, was, under the statute of this State, a will, and being such, it was revoked by the subsequent marriage of Highland to appellee, and therefore the right to the money did not pass to appellant by the certificate, but the fund was left to be distributed under the provisions of the charter and by-laws of the order. Second, that if the said indorsement was not a will, it was a mere executory contract

never consummated by delivery to appellant, and void because it was in violation of the charter of the lodge and the rights of the beneficiaries specified, and appellee, being the only member of the family of Highland at the time of his death, is entitled to the whole fund.

We do not think the claim of appellee to the fund can be sustained on either of these grounds.

The indorsement on the face of the certificate of membership, that the money should be paid to Jane Highland, we do not regard as the will of Henry M. Highland. It has none of the requisites of a will, except that the printed form adopted by the society used the word "will." It was evidently not intended by Highland as his will, and when his signature was attached to it, all the circumstances surrounding him indicate that no thought of making a will had entered his mind. No greater effect or serious character can be given to it, than was intended by Highland himself. What he undoubtedly designed it for was an authoritative declaration that the benefit specified in the certificate should be paid to his sister, Jane Highland.

By the terms of the contract entered into between the Supreme Lodge and Highland, the lodge agreed to pay $2,000 on his death to such person or persons as he might by will or entry on record book of the lodge, or on the face of the certificate, direct the same to be paid. His only object and intention, when asked who should be the object of his bounty, was to avail himself of one of the modes prescribed by the rules of the order, of conveying to the lodge his directions as to whom the money, which would become due on his death, should be paid. Having elected to direct on the face of the certflicate to whom the money should be paid, it must be paid as directed, unless such direction has been changed in the mode prescribed by the laws and constitution of the order.

As we view the indorsement on the face of the certificate of membership, the subsequent marriage of Highland to appellee does not revoke the indorsement, or in any manner impair or change the rights of appellant claiming under it.

The answer to the second ground of appellee's claim is, that

in cases of this kind no delivery of the certificate of member-ship with the declaration to whom it is made payable is nec-essary. The right to the money does not depend on, or pass by the delivery of the certificate. Though the certificate should have upon its face a declaration to whom the money shall be paid, and the certificate and declaration be delivered to the person to whom made payable, the money or right to the money does not pass and vest in the person designated. His right to the money ultimately depends altogether upon the fact whether the member has changed his beneficiary and selected a new one, as he has the right to do by complying with the rules of the order at any time before his death. On the death of the member in good standing, the holder of the certificate of membership, with the latest direction of the member on its face that the money be paid to him or her, will be entitled to receive the amount specified, no matter to whom it may have been delivered or for what purpose. It is the direction on the face of the certificate to whom the mem-ber desires the money to be paid which alone will govern.

It is a matter of contract entirely between the lodge and the member. The lodge agrees for a certain consideration, that when the member dies, if he dies in good standing, to pay to some person designated by him on the face of the cer-tificate, two thousand dollars. There is nothing in the con-tract or the laws of the State, requiring the beneficiary to have any knowledge of the transaction or to take possession of the certificate prior to the death of the member.

The further claim of appellee that she is entitled to the whole fund because at the time of the death of Henry M. Highland she was the only member of his family, and that only in default of a family could her husband declare to whom the money should be paid, is without foundation.

The proper construction of the contract under section 8 of article 7 of the constitution of the lodge, is that the member has the exclusive control of the object of his bounty, and that he may give the money to any one he pleases, whether wife, child, relative or stranger.

We think appellant is entitled to the whole fund, and that the court below erred in decreeing it to appellee. The decree therefore must be reversed and the cause remanded, with directions to the court below to order the clerk of the circuit court to pay over the money to Jane Highland, the appellant.

Decree reversed.