JACOB JEWELL *vs.* GRAND LODGE ANCIENT ORDER OF UNITED WORK-
MEN.

## August 19, 1889.

**Mutual-Benefit Society—Corporation de Facto.**—Upon the trial of this
action the plaintiff was permitted, against the defendant's objection, to
introduce certain testimony tending to show that defendant was a corpo-
ration *de facto*. *Held* that, in any aspect of the case, there was no error
in the ruling on this point.

**Same—Payment of Death-Claim.**—A section of the defendant's consti-
tution, regulating the manner of paying death-claims out of a beneficiary
fund, examined and construed.

Appeal by defendant from an order of the district court for Ram-
sey county, *Wilkin*, J., presiding, refusing a new trial after verdict of
$2,531.22 for plaintiff.

*James Schoonmaker*, for appellant.

*James E. Markham*, for respondent.

COLLINS, J. In the year 1883 Henry Jewell, the plaintiff's son, be-
came a member of the order of United Workmen, and, by observing
certain rules and regulations, entitled to participate in what is known
as a "beneficiary fund" to the amount of $2,000, whereupon the de-
fendant issued its certificate to him to that effect, and for said sum
of $2,000, which was to be paid upon his decease, "according to his
will and bequest." On November 4, 1884, said Jewell died intestate,
leaving surviving him no wife, no children, and no mother. The de-
fendant resisted payment of this certificate for several reasons, but
upon a trial below the court ordered a verdict for the plaintiff. From
an order refusing a new trial defendant appeals, alleging three dis-
tinct errors. Of these we mention but two.

1. In its answer the defendant averred that it was unincorporated
when it issued the certificate in question. Upon the issue thus formed
by the pleadings, the plaintiff offered testimony, which the court re-
ceived under objection. We fail to distinguish between this answer and
that considered in *St. Anthony Falls Water-Power Co.* v. *King Bridge*

*Co.,* 23 Minn. 186, and therefore the testimony was superfluous and harmless. In any aspect of the case, however, this testimony merely tended to show that the defendant was a corporation *de facto.* For such purpose it was admissible, of force, and sufficient. *East Norway Lake Church* v. *Froislie,* 37 Minn. 447, (35 N. W. Rep. 260.) See, also, *French* v. *Donohue,* 29 Minn. 111, (12 N. W. Rep. 354;) *Johnston Harvester Co.* v. *Clark,* 30 Minn. 308, (15 N. W. Rep. 252,) in which it is held that the corporative character and existence of a plaintiff in an action may be established by proof that a defendant has contracted with it as such,—has recognized the existence of a legal entity with a corporate name, and having capacity to contract. We cannot be expected to establish a different rule for an alleged corporative defendant. And see, also, *Holbrook* v. *St. Paul F. & M. Ins. Co.,* 25 Minn. 229. It is palpable that the trial court ruled intelligently upon this point.

2. As before stated, the certificate issued to Jewell in his lifetime was by his direction made payable according to his will and bequest. He died intestate, without having exercised the privilege of designating a beneficiary in any other or further manner. The defendant strenuously contends that for these reasons there can be no recovery whatsoever; that there has been a total lapse of power; and that the amount of Jewell's certificate has reverted to the defendant association. To determine this we must construe section 1 of article 14 of defendant's constitution. It reads as follows: "Upon the death of a master-workman-degree member in good standing of a subordinate lodge of the order under the jurisdiction of this Grand Lodge, the moneys payable under the certificate of such deceased brother shall be paid as follows to the persons in the order named, and not otherwise: *First.* To the person designated by the deceased brother, provided such person is designated by name and is a person other than the deceased, having an insurable interest in the life of the deceased. *Second.* Where no such person is named, and in cases where the certificate is payable to the deceased brother, then and in that case: (1) To the wife and children of the deceased brother, share and share alike; (2) to the wife of the deceased brother; (3) to the father and mother of the deceased brother, share and share

alike; (4) to the surviving father or mother; (5) to the brothers and sisters of the deceased, or their issue, if any are living, share and share alike; (6) to the surviving brother or sister, if only one, and no issue of other brothers or sisters is living; (7) to the administrator or executor of the deceased brother: *provided*, said member shall have complied in all particulars with all the laws, regulations, and requirements of the order, and with the following conditions." The defendant association is not an insurance company, but an organization for social and benevolent objects, with a beneficiary fund as a main feature; a fund which is designed for those who, in the lifetime of a deceased member, have been more or less dependent upon him. This is unmistakable from the special pains taken in its charter to direct and control payments in this channel, and to prevent their absorption as assets of the deceased to be used for general purposes in the due course of administration. And in determining who is entitled to receive the benefits of a fund created by a society of this character we must say, as was stated in *Ballou* v. *Gile*, 50 Wis. 614, (7 N. W. Rep. 561,) and indorsed in *American Legion of Honor* v. *Perry*, 140 Mass. 580, (5 N. E. Rep. 634,) that it is the duty of the courts to construe the rules and regulations liberally to effect the benevolent purposes of the order, and in no case to so construe them as to defeat such purpose, unless their meaning is so clear and certain as to admit of no other construction.

It will be noticed that the first-numbered subdivision of section 1 aforesaid directs and guides the defendant in its payments only when a person other than the deceased and having an insurable interest in the life of the deceased is expressly designated by name. As no person had been designated by the deceased in this instance, this subdivision has no application. The second subdivision covers and controls cases where no person has been designated by name who has an insurable interest in the life of the deceased, and cases where the certificate is payable to the deceased brother. Then, and in that event, payment must be made in a certain prescribed, and, having in mind the objects of the society, most commendable, order. The plaintiff's right to recover depends upon the construction to be given this subdivision, and to us its intent and meaning is free from doubt.

If no person has been designated by name in the certificate or else-
where as the beneficiary, who has an insurable interest in the life of
the member, the order of payment prescribed in this subdivision
must be followed; and if the certificate has been made payable to
the deceased brother, this prescribed order of payment must also be
·adopted. To give to the words of this subdivision, when read in con-
nection with the first, the narrow and limited construction claimed
by appellant, would be to hold that payments from the beneficiary
fund must be restricted, *first*, to persons who, having an insurable in-
terest, have been expressly designated by the deceased by name as
beneficiaries; *second*, there being no such persons designated by name,
to the relatives mentioned, in the order laid down: *provided*, always,
that the certificate has been made payable to the deceased brother
himself. No other contingency would be provided for. Lapse and
forfeiture would follow in all cases where no person had been desig-
nated as the beneficiary by name, and where the named beneficiary
proved disqualified, except in the instances wherein the certificate
had been made payable to the member to whom it was issued. As
no person was named in the certificate issued to Jewell, and he died
without designating to whom the money should be paid upon his de-
cease, his father was entitled to recover under appellant's charter.

Order affirmed.