H. H. GRUBER v. GRAND LODGE ANCIENT ORDER UNITED WORKMEN.

February 2, 1900.

Nos. 11,865—(202).

### Benefit Association—Beneficiary Named in Certificate.·

M.. became a member of defendant, an unincorporated association, and received a certificate, in which it was stated that he was entitled to all of the rights and privileges of membership, and to $2,000 of the beneficiary fund at his death, to be paid "to his cousin," G., this plaintiff. M. died more than five years afterwards, having remained a member in good standing, paying all assessments made against him on account of the beneficiary fund. G. was not a cousin of the deceased, nor was he related to him in any manner. The association refused to pay solely for that reason. Its articles provided that, in case of the death of a member, moneys due on the certificate should be paid "to the person and in the order hereinafter named and not otherwise: * * * (1) To the person designated in the certificate, when designated by name, and a person related to the deceased, or a member of his family or dependent upon him. (2) Where such person is not living at the time of payment in such case: First, to the wife and children of the deceased, share and share alike; second, to the wife of the deceased; third, to his father and mother, share and share alike; fourth, to the surviving father or mother; fifth, to the brothers and sisters of the deceased, share and share alike, or their living issue, according to the right of representation; sixth, to the surviving brother or sister, if no issue of other brothers or sisters is living; seventh, to the next of kin of the deceased, according to the statute of distributions of the state of Minnesota, and to no other persons whomsoever." There was no express provision of the articles which prohibited G. from being designated as a beneficiary. *Held*, that the provisions above quoted as to the order of payment were not a limitation of the power of the association, so as to prevent it from recognizing G. as a properly designated beneficiary, in the absence of fraud, and there being no question of public policy involved.

Estoppel.

When an association of this character voluntarily, and in the absence of fraud, issues a certificate in which a beneficiary is designated by name, said person not being expressly prohibited from being named as sole beneficiary in the articles or by-laws, and there being no question of public policy involved, and thereafter and for a term of years collects and receives the amounts assessed against the member on account of death claims made against the beneficiary fund, it will not be allowed to defeat recovery on the certificate upon the ground that the beneficiary could not be named as such, and therefore the certificate was ultra vires.

Action in the district court for Ramsey county to recover $2,000, and interest, on a beneficiary certificate. The case was tried before Brill, J., who directed a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Edmund S. Durment, Albert R. Moore* and *John E. Hearn*, for appellant.

Defendant is a mutual assessment life insurance society, and nothing else. Bolton v. Bolton, 73 Me. 299; Foster v. Moulton, 35 Minn. 458, 459; State v. Critchett, 37 Minn. 13; Walter v. Hensel, 42 Minn. 204, 209. The subordinate lodge is the agent of the grand lodge in these matters. Niblack, Ben. Soc. § 281; Barbaro v. Occidental, 4 Mo. App. 429, 433; Russell v. Detroit, 80 Mich. 407. Presumptively the designation of plaintiff was valid, and in order to defeat recovery it must appear that his designation as such was clearly prohibited by the constitution of the order. All doubtful provisions will be resolved in favor of the validity of the designation. Walter v. Hensel, supra; Cook v. Benefit League, 76 Minn. 382; Symonds v. N. W. Mut. Life Ins. Co., 23 Minn. 491; Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 85.

The grand lodge might incorporate without limiting the designation of beneficiaries to any class of persons (G. S. 1894, § 2990, and amendments), and therefore there is no reason of public policy which would justify holding that any limitation of the right of designating a beneficiary is intended or implied, unless the language of the constitution unequivocally declares such limitation. Giving due

weight to the settled rules of construction, it does not appear that the constitution of defendant does prohibit the designation.

The same rules of estoppel and waiver apply in case of defendant as in case of other insurance companies; and it waived the objection (if it be an objection), and is estopped to assert that plaintiff was not legally named beneficiary. Deceased was not a member of the grand lodge, and its constitution is not referred to in the certificate. Under the provision relied upon, deceased's membership did not arise until he received or became entitled to the certificate. He was not chargeable with notice of the alleged want of power in defendant to make the contract, for he was not in any event chargeable with knowledge of the constitution until he became a member. Given v. Rettew, 162 Pa. St. 638; Eilenberger v. Protective, 89 Pa. St. 464, 468. The provision relied upon was simply a rule of guidance for its agent, the subordinate lodge. If its agent disregarded the rule, the principal, having in fact made the contract, is bound by it in the absence of fraud, not having repudiated it at any time before full performance by the deceased.

The constitution is merely a voluntary agreement, or rules voluntarily adopted for the government of defendant, which may be changed at any time. The constitution is simply the by-laws, and has no greater force. Niblack, Ben. Soc. § 14; Supreme v. Knight, 117 Ind. 489, 495. If the constitution is a part of the contract, then every part of the constitution is equally such, and every provision of the constitution stands on the same basis. But there are many provisions of such constitutions which the courts have held the order to have waived or estopped itself to assert. This provision as to beneficiaries is not a material one, and for that reason could be waived. Oswald v. St. Paul G. Pub. Co., 60 Minn. 82, 85; Central B. & L. Assn. v. Lampson, 60 Minn. 422; Erb v. Yoerg, 64 Minn. 463, 465; Emmet v. Reed, 8 N. Y. 312, 316; Story v. Williamsburgh, 95 N. Y. 474; Durian v. Central, 7 Daly, 168, 173; Folmer's Appeal, 87 Pa. St. 133, 135; Maneely v. Knights, 115 Pa. St. 305, 308; Humphreys v. National, 139 Pa. St. 264, 271; Milborne v. Royal, 14 App. Div. (N. Y.) 406; Matt v. Roman, 70 Iowa, 455, 461; Mutual v. Hoyt, 46 Mich. 473, 478; Russell v. Detroit, 80 Mich. 407; Bloomington v. Blue, 120 Ill. 121; Burlington v. White, 41 Neb. 547; Railway v.

Tucker, 157 Ill. 194, 199. See also upon question of waiver and estoppel in cases of mutual companies and benevolent societies: Seibel v. Northwestern, 94 Wis. 253, 257; De Witt v. Home, 95 Wis. 305; National v. Titman, 58 Ill. App. 642, 644; Knights of Pythias v. Kalinski, 163 U. S. 289, 291; Kentucky v. Calvert (Ky. App.) 9 Ins. L. J. 529; Milkman v. United, 20 R. I. 10; Mueller v. Grand Grove U. A. O. D., 69 Minn. 236; Perine v. Grand Lodge A. O. U. W., 48 Minn. 82, 88; Davidson v. Old People's Mut. Ben. Soc., 39 Minn. 303.

The deceased had an insurable interest in his own life, and having taken the certificate on his own application, and paid the premiums himself, was at liberty to name any person as beneficiary. Walter v. Hensel, supra; Olmsted v. Keyes, 85 N. Y. 593; Bloomington v. Blue, supra; Campbell v. New England, 98 Mass. 381, 389; Hill v. United, 154 Pa. St. 29, 36; Milner v. Bowman, 119 Ind. 448; Robinson v. U. S. Mut. Acc. Assn., 68 Fed. 825; American E. L. Ins. Co. v. Barr, 68 Fed. (C. C. A.) 873, 878.

*E. & W. N. Southworth* and *Chas. G. Hinds*, for respondent.

Defendant is a mutual benefit society. Jewell v. Grand Lodge A. O. U. W., 41 Minn. 405; G. S. 1894, § 3294. Members of a mutual benefit society and those claiming under them as beneficiaries must take notice of and are bound by its articles of association and by-laws. Davidson v. Old People's Mut. Ben. Soc., 39 Minn. 303; Hesinger v. Home Ben. Assn., 41 Minn. 516; Mills v. Rebstock, 29 Minn. 380; Finch v. Grand Grove U. A. O. D., 60 Minn. 308; Richmond v. Johnson, 28 Minn. 447; Scheufler v. Grand Lodge A. O. U. W., 45 Minn. 256. Where the statute, the charter, or the by-laws of such a society prescribe who may become beneficiaries, only those who belong to the prescribed class can be beneficiaries. 16 Am. & Eng. Enc. 46; Id. 929, 960; Ownby v. Supreme, 101 Tenn. 16; Knights v. Rowe, 70 Conn. 545; Love v. Clune, 24 Colo. 237; Supreme v. Bennett, 47 N. J. Eq. 39; Skillings v. Massachusetts, 146 Mass. 217; Supreme v. Perry, 140 Mass. 580; Britton v. Supreme, 46 N. J. Eq. 102; Supreme v. Smith, 45 N. J. Eq. 466; Sanger v. Rothschild, 123 N. Y. 577; Alexander v. Parker, 144 Ill. 355; Palmer v. Welch, 132 Ill. 141; Elsey v. Odd Fellows, 142 Mass. 224; Michigan v. Rolfe,

76 Mich. 146; Supreme v. McGinness, 59 Oh. St. 531; Norwegian v. Wilson, 176 Ill. 94. These provisions are general and will control in all matters not specifically provided for; but where there are specific provisions, they will control if there be inconsistency. 23 Am. & Eng. Enc. 426–429. But there is no inconsistency between the provisions of article 14 and the laws and usages of the supreme lodge, nor any attempt to show that they are not consistent.

If the certificate is valid, the amount must be paid to the heirs of Maguire. Payment to plaintiff will be no defense, when those heirs present their claim. If defendant could waive its rights in the premises, it could not waive the rights of these heirs, and their right to recover would not be affected by payment to plaintiff. Jewell v. Grand Lodge A. O. U. W., supra. The recorder of a subordinate lodge has not authority to waive the requirement of the constitution as to who may become beneficiaries. 1 Am. & Eng. Enc. (2d Ed.) 987–989. Information received by him will not be imputed to the grand lodge. Trentor v. Pothen, 46 Minn. 298; Sandberg v. Palm, 53 Minn. 252; Jefferson v. Leithauser, 60 Minn. 251; 1 Am. & Eng. Enc. (2d Ed.) 1146–1148; Supreme v. Green, 71 Md. 263; 2 Bacon, Ben. Soc. (2d Ed.) § 429b.

COLLINS, J.

In his lifetime, James Maguire, an unmarried man, was a member of defendant beneficial association. He held its certificate of date December 31, 1892, whereby it was certified that he was entitled to all of the rights and privileges of membership and to the sum of $2,000 of the beneficiary fund at his death, to be paid "to his cousin, H. H. Gruber." Maguire died February 24, 1898, having been all of the time a member in good standing in his subordinate lodge. He had in every particular complied with all of the rules, regulations, and requirements of the order, and until after his decease no question was raised as to his right to designate Gruber as the beneficiary, or that such designation was invalid and inoperative. After his death, the defendant refused to pay, solely upon the ground that Gruber was not Maguire's cousin, or in any manner "related" to him, nor was he a member of his family, or dependent upon him. For the purposes of this appeal it is conceded that Gruber was not "related" to Maguire, nor was he a member of his family or a depend-

ent. Both parties moved at the close of the trial for a directed ver
dict. The court thereupon ordered a verdict for defendant, which
was returned. Thereafter the plaintiff's counsel made a motion in
the alternative in accordance with the provisions of Laws 1895, c.
320. This motion was in all things denied, and plaintiff appeals.

The articles of association under which defendant issued and paid
beneficial certificates are not as clear as they should be, and in pass-
ing it is not out of place to say that they have been materially
changed since the decision in Jewell v. Grand Lodge A. O. U. W.,
41 Minn. 405, 43 N. W. 88. It is provided (article 13, § 6) that in the
beneficiary fund of $2,000 the members themselves have no individ-
ual property right. It does not constitute a part of their estate to
be administered, nor have they any right in or control over the same

"Except the power to designate the person or persons to whom, as
beneficiaries, the same shall be paid at the death of the member."

The beneficiaries thus designated have no vested right in said sum
until the death of the member gives such right, and the designation
may be changed by the member, in the method prescribed by the
laws of the order, at any time before his death. In the next article
(14, § 1) it is provided that

"Upon the death of a workman in good standing in a subordinate
lodge in this jurisdiction, the moneys payable under his certificate
shall be paid to the person and in the order hereinafter named and
not otherwise: * * *
(1) To the person designated in the certificate, when designated
by name, and a person related to the deceased, or a member of his
family or dependent upon him.
(2) Where such person is not living at the time of payment in such
case: First, to the wife and children of the deceased, share and
share alike; second, to the wife of the deceased; third, to his father
and mother, share and share alike; fourth, to the surviving father
or mother; fifth, to the brothers and sisters of the deceased, share
and share alike, or their living issue, according to the right of repre-
sentation; sixth, to the surviving brother or sister, if no issue of
other brothers or sisters is living; seventh, to the next of kin of the
deceased, according to the statute of distribution of the state of
Minnesota,—and to no other persons whomsoever."

These are all of the provisions in the articles which bear upon the
right of a member to designate his beneficiary, and it is to be ob-

served that there is no express and positive prohibition as to a beneficiary. It is not enacted in unequivocal terms that the beneficiary must be one of a certain class, such as a member's wife, or a relative within a certain degree of consanguinity, or one of the member's family, or one who is dependent upon him; and the nearest approach to any enactment upon this particular subject is the language whereby it is provided in article 14 that the money must be paid "to the person and in the order hereinafter named and not otherwise."

Now, when we examine the subsequent provisions to which the quoted words refer, we find that by the first subdivision payment is to be made to the person designated, if designated by name, and a person "related" to the deceased. If by this it was intended that the beneficiary, when named, must be some sort of a relative, the language chosen was quite inept, and possibly needs revision. The expression used suggests conditions and complications arising on the decease of a member which might end in defeating not only the wish of the deceased, as indicated in his designation of a beneficiary, but also the very object of the association,—that of providing a sum of money for the use of the widow of the deceased, or for his children, or for his aged parents, or possibly for some other persons related by consanguinity or affinity. Suppose the beneficiary is not designated by name, must he be related, or one of the member's family, or a dependent? And upon looking at the second subdivision we find that no provision whatsoever is made in case the beneficiary designated by name is ineligible and incapable of receiving the money, and is living when payment is to be made. He might conveniently die in time to set the second subdivision in motion, but, if he survives the member, its provisions are inoperative, for the only contingency covered by this second subdivision, unless words are read into it, is that which will arise in case a beneficiary designated by name is not living when the pay day arrives. And nowhere else in the articles do we find provisions which will prevent an absolute forfeiture to the defendant association in every case of such a character.

To illustrate: Unless plaintiff can recover, the defendant can resist payment as against the world, so far as we can now perceive.

79 M.—5

Its counsel argue, as a reason why plaintiff should not succeed, that Maguire's kinsmen may present a claim, and that payment to plaintiff would be no bar to a recovery. We find nothing in the articles which would justify these kinsmen in an attempt to collect the money in dispute, whether plaintiff is successful in this action or is defeated. There seems to be no provision for payment to any person not designated in the certificate, except when the person designated is deceased at the time payment is to be made.

But an exact and abiding construction of the language used in these articles is not necessary to a decision of the case now before us, as we regard it. Maguire's application was made before the certificate was issued, and in the form, we must presume, laid down in the articles. This application was not introduced in evidence, so there is nothing of record tending to show what statements or representations were therein made as to Gruber's relationship to the applicant, or why he thought him qualified for such designation. Nor was there any claim made at the trial that, in causing the plaintiff to be designated as beneficiary, Maguire made any fraudulent representations to defendant, or that because of false statements or representations on his part the defendant had issued the certificate in question. It had an opportunity, when the application was presented, to pass upon the competency or eligibility of Gruber to receive the money; and it certainly acquiesced in his being designated by name, for it issued the certificate. From that time, December 31, 1892, to the time of his decease, February 24, 1898,—over five years,—Maguire continued to comply with all of defendant's rules and regulations. He contributed to the beneficiary fund when admitted to the order, and thereafter, and up to the day of his death, met and paid the assessments made from time to time, as was necessary to meet death claims. He was never delinquent when called upon to pay into the fund in question, and undoubtedly relied upon a well-founded belief that when he should pass away the surviving members would contribute to the $2,000 mentioned in his certificate quite as promptly and with as good grace as had been his custom. And unquestionably the defendant association received his payments in the belief that the beneficiary whom he had selected, and whose name had been designated in the certificate when issued, was

entitled to and would receive the money, when, in the course of natural events, it would become due and payable. Nor can it be denied that fair dealing and common justice require that the sum in question should be paid to plaintiff.

As we have stated, Maguire was not prohibited in express terms from designating a person not related to him as his beneficiary. And, if plaintiff cannot recover, the amount is forfeited to the association, simply because, as we construe its articles, it has failed to provide for a case of this kind; that is, for a case where the beneficiary named is living, but cannot take, at the death of the member. It is true that when a certificate is issued to a member of one of these unincorporated beneficial associations the articles and by-laws enter into and become a part of the contract. And it is also true, we presume, that the subdivisions we have quoted from article 14, § 1, contemplated that the person designated as a beneficiary in such certificate should be a relative of the member, or one of his family, or a person dependent upon him, and that payment should be made to a beneficiary of one of these classes. But this language was not a limitation of the power of the association, so as to prevent it from recognizing as a proper beneficiary a person who might be designated as such by the member, there being no claim of fraud, and there being no question of public policy involved. Such designation in itself was not a fraud upon the association. Its obligation to pay was not enlarged in any way by the naming of plaintiff as the beneficiary. Such designation was made by Maguire. It was assented to by the defendant, and relied and acted upon by both parties. It was never repudiated by either until it was too late for a change, and it was binding. Story v. Williamsburgh, 95 N. Y. 474; Maneely v. Knights, 115 Pa. St. 305, 9 Atl. 41.

When an association of this character, in the absence of fraud, voluntarily issues a certificate in which a beneficiary is designated by name, said person not being expressly prohibited in the articles or by-laws from being so named, there being no question of public policy involved, and thereafter and for a term of years collects and receives the amounts assessed upon the member on account of death claims asserted against the beneficiary fund, it will not be allowed to defeat a recovery on the certificate on the ground that

the beneficiary could not be named as such, and therefore the certificate was ultra vires. Bloomington v. Blue, 120 Ill. 121, 11 N. E. 331. Although not strictly analogous to this case, there are decisions of this court in which it has been held that a beneficial association may waive strict compliance with its articles, and thus become estopped to insist upon a forfeiture. Perine v. Grand Lodge A. O. U. W., 48 Minn. 82, 88, 50 N. W. 1022; Mueller v. Grand Grove U. A. O. D., 69 Minn. 236, 72 N. W. 48.

The order appealed from is reversed, and, when a remittitur. is filed below, the court will order judgment against defendant for the amount due upon the certificate, with interest, costs, and disbursements.