SWEDISH CHRISTIAN MISSION SOCIETY OF MINNEAPOLIS v.
MARIA M. LAWRENCE and Another.

February 7, 1900.

Nos. 11,896—(201).

**Benefit Insurance—Assignment—By-Laws—Waiver.**
Plaintiff, N., and appellant entered into a triplicate agreement whereby a certificate of membership of $2,000 was to be taken upon the life of N. in the Minnesota Scandinavian Relief Association, $1,000 of which was to be payable to plaintiff and $1,000 to appellant. In the same instrument appellant assigned all her interest to plaintiff, and plaintiff agreed to pay all assessments upon the certificate, and properly to care for N. during his natural life. The by-laws of the relief association provided against an assignment of more than one-half of the amount insured. The certificate was issued and made payable, under said agreement, to plaintiff. Held:
1. Such a by-law may be waived by the association for the benefit of those contracting with it.
2. Appellant having contracted with reference to such by-law, and for the purpose of avoiding it, is not, as heir of N., entitled to any part of the money due on the certificate.

Action in the district court for Hennepin county to recover $1,984.60 on a membership certificate issued by defendant Minnesota Scandinavian Relief Association. The court, Brooks, J., directed a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant Lawrence appealed. Affirmed.

*Edward H. Crooker,* for appellant.

*A. A. Anderson* and *Hendrix & Merritt,* for respondent

LEWIS, J.

On September 16, 1897, the plaintiff, one Andrew Nordin, and his daughter, defendant Maria M. Lawrence, entered into an agreement as follows: Nordin agreed to assign to plaintiff $1,000 of a death benefit of $2,000 issued by the Minnesota Scandinavian Relief Association upon the life of Nordin, and to cause a new certificate of membership to be issued, wherein plaintiff should be named as beneficiary to said amount. Maria M. Lawrence, after reciting that Nordin was old, and unable to earn a living, acknowledging her duty to support her father, in consideration of the covenants hereinafter mentioned on part of plaintiff, assigned, sold, and transferred to plaintiff all that part and portion of a new certificate of membership of $1,000 to be issued by said association upon the life of said Nordin, and authorized said association to pay plaintiff said amount when due. Plaintiff, in consideration of said assignments by appellant, and in consideration of being constituted the beneficiary of said certificate to the full amount of $2,000, agreed to make payment of all dues and assessments upon said certificates, and agreed to take proper care of said Nordin during his natural life, and defray the expenses of his death and burial. This contract was filed with the relief association, and thereupon a certificate was issued by it upon the life of said Nordin, payable, when the same should mature upon his death, $1,000 to plaintiff direct, and $1,000, upon the face of the certificate, to appellant. But in the body of the certificate, and immediately following the above-mentioned stipulation as to payees, is found the following qualification:

"These dispositions of the above life insurance moneys being subject to certain agreements and conditions between the parties, bearing date the 16th day of September, 1897, and filed in the office of this association."

One of the by-laws of said relief association provides that a portion, not exceeding one-half, of the sum insured may be made payable to any designated person as security for and in accordance

with any contract made between such person and the said beneficiary and insured member, provided that a duplicate copy of such contract be filed with the association.

Nordin died March 26, 1898, and plaintiff brought this action to recover the entire amount due upon the certificate, $1,980.60. The relief association admitted its indebtedness, and paid the amount into court, and the trial proceeded. Appellant answered, denying that the relief association accepted the terms of said triplicate agreement, and alleged that said association was a mutual benefit society organized for the purpose of assisting widows and orphans of deceased members, and that it possessed no authority to assent to said agreement, and to divert its death benefit from such purpose. The answer also contained allegations that plaintiff had failed to comply with its agreement properly to care for Nordin, and that he had been maintained and nursed by his children and members of his family. At the close of the trial, on motion of plaintiff, the court instructed the jury to return a verdict for the plaintiff in the full amount. A motion for a new trial having been made and denied, said defendant Lawrence appealed.

Appellant has attempted to assign as error certain rulings of the court excluding evidence offered upon the question: Did plaintiff properly care for and nurse Nordin during his last sickness? These assignments do not call attention to any particular rulings, and they cannot be considered. This eliminates from the case, as presented here, all questions as to the relative rights of plaintiff and appellant growing out of the covenants of plaintiff to care for Nordin.

The only question presented is: Was the trial court justified in instructing the jury? Was there any evidence reasonably tending to show that plaintiff was not entitled to the money? The purpose of the so-called "triplicate agreement" was to enable the parties to procure a certificate for $2,000, payable to plaintiff, and to secure some one who would pay the assessments, and take care of Mr. Nordin. Mrs. Lawrence appeared as a beneficiary in name, but assigned all her interest to plaintiff. The by-law of the relief association was enacted for its own convenience, and it had the right to waive it for the benefit of persons doing business with it.

The by-law was not based upon any charter or statutory limitations. Appellant was not deceived by it. She was a party to the arrangement to avoid it, and is not in a position to take advantage of her act. The relief association is ready to pay the money, and appellant has in no manner shown herself or the other heirs to be entitled to any part thereof.

Order affirmed.