A. C. MIDDELSTADT v. GRAND LODGE OF ORDER OF SONS OF
HERMANN.[1]

February 26, 1909.

Nos. 15,972—(259).

**Benefit Certificate—Designation of Beneficiary.**

Where the constitution of a benevolent association names the persons
from whom a member may select a beneficiary to receive an insurance
fund, and provides that any beneficial certificate issued to any other
person shall be null and void, but reserves the right to the member to
change the beneficiary already named and dispose of the proceeds of the
certificate by a will, a designation of any person not within any of the
classes named, other than by will, is null and void.

**Same—Designation in Will.**

Where the member of a beneficial association disposes of the proceeds
of a beneficial certificate by will, it is not necessary that the party thus
receiving the fund shall have had an insurable interest in the life of
the insured.

**Same.**

When a member of a beneficial association, with the consent of the
association, has inserted in the certificate the name of a person whom
he was not authorized by the constitution to name as beneficiary, and
thereafter by will bequeaths the proceeds of the certificate to the person
thus illegally designated, the fact that such person was illegally named
as beneficiary is of no consequence, as the fund passes by testamentary
disposition, and not by virtue of the designation.

Action in the district court for Hennepin county by the executor of
the estate of Johann Link, deceased, to recover $1,000 upon a benefit
certificate. The answer admitted that the amount was due from
defendant, and alleged that besides the plaintiff Charles A. Link, Mary
Beach, Frederick Manahan, Merritt Milo Daily, Amelia W. Daily and
Addis Merritt Daily made claim to the fund, asked that these persons
be made parties to the action and defendant be discharged from lia-
bility upon payment of the amount into court. Upon such payment it
was discharged. Thereupon Charles A. Link and Mary Beach filed
their complaint in intervention alleging that the benefit certificate

[1]Reported in 120 N. W. 37.

could only be paid or disposed of by will to the persons named in the constitution and by-laws of defendant order. The three Dailys in their complaint in intervention alleged that for a valuable consideration the decedent designated them as three of his beneficiaries. The case was tried before Brooks, J., who made findings of fact and as conclusions of law found that Charles A. Link and Mary Beach were entitled to judgment awarding them ten dollars each and that the three Dailys were entitled to judgment awarding them $970, the residue of the sum deposited in bank. From the judgment entered thereon Charles A. Link and Mary Beach appealed. Affirmed.

The contract between Link and Merritt Milo Daily, Amelia W. Daily and Addis Merritt Daily was as follows:

"It is hereby agreed by and between the party of the first part [Link] and the parties of the second part [the Dailys] that the party of the first part has the date last aforesaid assigned and transferred and also by his last will and testament to the parties of the second part nine hundred and seventy ($970) dollars, out of his life insurance policy now held by him in the Order of the Sons of Hermann of the state of Minnesota, and in consideration therefor the said parties of the second part hereby agree to pay all the dues, assessments and special assessments that may be made, levied and assessed by the Order of the Sons of Hermann in the state of Minnesota, according to their by-laws and constitution, upon said insurance policy and against said party of the first part during his natural life as to his dues, assessments and special assessments, that all said dues, assessments and special assessments are to be promptly paid when they become due by the parties of the second part, otherwise this agreement shall be null and void, and the money paid by said parties of the second part shall be forfeited and the insurance policy assigned, and the will made by the party of the first part to the parties of the second part shall stand as canceled and revoked to the same force and effect as [if] the party of the first part had never made the assignment of said insurance policy or said will."

*Richard & Coe,* for appellants.

*A. C. Middelstadt* and *S. M. Finch,* for respondent Middelstadt.

*Otto Kueffner,* for respondent Grand Lodge.

*Henry Marks,* for respondents Daily.

ELLIOTT, J.

Upon this record we can determine only whether the conclusions of law are justified by the findings of fact. From such findings it appears that on December 14, 1891, Johann Link became a member of the Order of the Sons of Hermann, and thereby was entitled to the benefits of the life insurance feature of the organization. The usual benefit certificate was issued to him, but no beneficiary was named therein. Link remained a member of the order in good standing and paid all dues and assessments for about seven years, when, being unable to pay further dues and assessments, he entered into a contract with three parties by the name of Daily, by which they agreed to pay him the amount which he had paid as dues and assessments from the time he joined the order until that time, and to make all future payments necessary to keep the insurance in force. Link, on his part, agreed to have the Dailys named as beneficiaries in the certificate to the extent of $970; the balance of $30 to be made payable to his relatives Charles A. Link, Mary L. Beach, and Frederick Manahan, who are the appellants herein. Link also agreed to make a will bequeathing $970 of the proceeds of the certificate to the Dailys. This contract was duly executed, and all the parties thereto faithfully carried out its terms. Link had the names of the Dailys inserted in the certificate, and the proper record thereof made in the records of the order, and executed his will bequeathing the $970 to the Dailys. The Dailys paid him about $200 to reimburse him for what he had previously paid to the order, and thereafter paid all dues and assessments which were necessary to keep the insurance in force until the death of Link, by which time they had invested about $400.

Upon the death of Johann Link, his will was duly probated, and A. C. Middelstadt was appointed executor. Soon thereafter the executor brought this action to recover the $1,000 due on the benefit certificate. The money being claimed by both groups of beneficiaries named in the certificate, the defendant asked that they be required to intervene in order that the court might determine to whom the money belonged. The defendant then paid the money into court and was discharged from further liability. The Dailys claimed $970 of the money by virtue of the will and certificate. Charles A. Link, Beach, and Manahan claimed the entire fund on the theory that, as the Dailys

had no insurable interest in the life of Johann Link, and were not within the class of persons who, under the constitution and laws of the order, might be named as beneficiaries, the entire fund went to them. The executor, asserting for similar reasons that the Dailys were not entitled to the money, claimed that it became a part of the estate of Johann Link, and should be paid to his personal representative for administration through the probate court.

The trial court held that the executor was not entitled to the money; that Link and Beach were entitled only to the $10 given each of them by the terms of the certificate; that the Dailys were entitled to $970 by virtue of the fact that they had been properly named by Johann Link as beneficiaries in the certificate; that the will neither enlarged nor diminished the rights of the Dailys; and that the interveners, Link, Beach and Manahan, could not raise the question of the Dailys' insurable interest in the life of Johann Link. The executor did not appeal. Link and Beach appealed, and their rights only can be considered.

The trial court properly held that the appellants were not entitled to receive the $970, but we rest our conclusions on somewhat different grounds. As the law now stands, the payment of death benefits in any beneficial association can be made only to the families, heirs, blood relations, adopted children, fiancée, or persons dependent upon the member. Section 1703, R. L. 1905. But the rights of these parties must be determined by the law which was in force at the time of the transaction in question. When this certificate was issued, and when the Dailys were named as beneficiaries, there were no such statutory restrictions, and the choice of beneficiaries was left to be determined by the parties, subject to the provisions of the articles of incorporation and the constitution and by-laws of the association. Walter v. Hensel, 42 Minn. 204, 44 N. W. 57; Gruber v. Grand Lodge A. O. U. W., 79 Minn. 59, 81 N. W. 743.

This association was organized under title 3, c. 34, G. S. 1878. The articles of incorporation, as found by the trial court, state that one of the objects of the corporation is to "provide for the creation of a fund out of which to pay a certain amount to the widow, descendants, heirs, or parties properly designated, as the case may be, of the deceased member, * * * all according to the constitution, rules, regulations, and by-laws of this order." The corporation was thus

authorized to provide that persons other than those named in the articles might be designated as beneficiaries. Paragraph 7 of article 23 of the constitution provides that the benefit certificate may be executed in favor of the wife, children, father, mother, or grandparents, brothers, sisters, and their children, foster parents or foster children, brothers and sisters of father or mother, or the lodge to which the member belonged, and that any beneficial certificate issued to any other person should be null and void. But the next paragraph in the same section provides, in the somewhat crude language of the translation which was offered in evidence, that: "Notwithstanding the above determinations, has every member the right to abolish the same and by a last declaration of his will and testament dispose of the money and say to whom it is to be paid out. In such a case the restrictions named in paragraph 7 are of no effect." For the protection of the order it then provided that, when the money is thus disposed of by will, the certificate must be marked as transferred and the secretary of the lodge informed of the fact.

The effect of this provision was to authorize the member to deprive a beneficiary who had been named in the certificate of his right to the money and dispose of the fund in any manner he desired by his last will and testament. A member had the power to change the beneficiary at any time prior to his death, but his right of selection of a new beneficiary was limited to the classes designated in the constitution of the order, which expressly provided that the designation of other persons would be null and void. The constitution gave him the right to annul the previous designation of a beneficiary, thus making the money payable to his estate, and subject to disposition by his last will. This right was exercised by Johann Link, and the Dailys were entitled to the money by virtue of the testamentary disposition, and not as beneficiaries named in the certificate. Not being within either of the classes from which the member was required to select a beneficiary, their designation as beneficiaries was, in the language of the constitution, null and void. They could neither be made beneficiaries directly, nor indirectly by the assignment of the certificate. The contract should be construed as imposing the obligations therein created, so far as legal, upon the parties thereto, and as it was fully performed it served its purpose.

As the Dailys acquired their right to the money under the will, the question of their insurable interest in the life of Johann Link is of no importance. The will had no binding effect during the life of Johann Link, and the public policy, which forbids a mere stranger having no insurable interest to take out or otherwise acquire insurance on the life of another, does not prevent one holding life insurance from disposing of the benefit by will. This is no more a wager than is the testamentary disposition of any other species of property. Stoelker v. Thornton, 88 Ala. 241, 6 South. 680, 6 L. R. A. 140; Rison v. Wilkerson, 3 Sneed (Tenn.) 565; Weil v. Trafford, 3 Tenn. Ch. 108; Williams v. Corson, 2 Tenn. Ch. 269; Tennessee v. Ladd, 5 Lea (Tenn.) 716; Highland v. Highland, 109 Ill. 366, 13 Ill. App. 510; Catholic v. Priest, 46 Mich. 429, 9 N. W. 481; Clark v. Durand, 12 Wis. 248; Gambs v. Covenant, 50 Mo. 44; Swift v. Railway, 96 Ill. 309; Bickerton v. Jacques, 28 Hun (N. Y.) 119; Union Mut. Life Ins. Co. v. Stevens (D. C.) 19 Fed. 671.

The trial court properly held that the appellants were not entitled to the fund in question, and, as that is the only question before us, the judgment is affirmed.