## CHARLES H. MEYER and Others v. GRAND LODGE OF ORDER OF SONS OF HERMANN and Others.[1]

May 14, 1909.

Nos. 16,004—(60).

**Case Followed.**

Middelstadt v. Grand Lodge, 107 Minn. 228, followed, and *held*, that the

[1] Reported in 121 N. W. 235.

designation in the certificate of a person as beneficiary prohibited by the constitution is null and void.

**Designation of Beneficiary — Estoppel.**

The lodge is entitled to assume that the person named in the certificate is within the limitations imposed by the constitution, and does not waive the provisions of the constitution, and is not estopped from asserting the contrary, by the fact that the person claiming to be entitled to the fund was named as the beneficiary upon a blank furnished by the lodge, attested by the secretary, and that the dues and assessments were paid for the period of six years.

Action in the district court for Ramsey county by six cousins of Henry Katz to recover $1,000 upon defendant's benefit certificate on the life of Henry Katz, deceased. Upon the petition of defendant order, Mary Kujas, C. W. Heimann, as administrator of the estate of Henry Katz, deceased, and Fairfax Lodge No. 46, were made parties defendant to the action. The case was tried before Kelly, J., who found in favor of defendant Fairfax Lodge No. 46. From a judgment entered pursuant to the findings, Mary Kujas appealed. Affirmed. .

*Otto Kueffner,* for the defendant Grand Lodge.

*Albert E. Clarke,* for appellant.

*Henry Marks,* for Fairfax Lodge No. 46.

*Frank Hopkins,* for the administrator of the estate of Henry Katz, deceased.

LEWIS, J.

On the twentieth of September, 1894, Henry Katz became a member of Fairfax Lodge No. 46, a subordinate lodge of the Order of the Sons of Hermann, and received a beneficiary certificate for $1,-000, payable upon his death to his father. The father having died in 1901, Mary Fernbach, later the wife of Theodore Kujas, was designated as the beneficiary. Henry Katz died March 11, 1907, being at the time a member in good standing in Fairfax Lodge. The constitution of the grand lodge (section 6) provides that the beneficiary certificate may be issued for the benefit of (1) the wife; (2) the children; (3) the father or mother, or grandparents; (4) brothers

and sisters and their children; (5) foster parents or foster children; (6) brothers and sisters of the father or mother; and (7) the lodge to which the member belongs. This action was brought by the plaintiffs for the purpose of recovering the amount due upon the certificate, and the trial court found that the plaintiffs and the new beneficiary were not within the classes of beneficiaries designated in the constitution, and held that Fairfax Lodge was entitled to the fund, under subdivision 7 of section 6. The plaintiffs did not appeal, and the controversy in this court is between the lodge and Mrs. Kujas.

The decision of the court was correct, unless the lodge waived the provision of the constitution as to the beneficiaries, or was estopped from denying her right to the fund on the ground that she had been accepted and treated as the beneficiary for the period of six years. The certificate was issued and the change in beneficiaries made before section 1703, R. L. 1905, went into effect, and consequently the contract must be considered without reference thereto. In Middelstadt v. Grand Lodge, 107 Minn. 228, 120 N. W. 37, the constitution of this order was under consideration, and it was held that the designation, other than by will, of a person as beneficiary who was not within any of the classes named in the constitution, was null and void. The constitution now under consideration is identical with the one there construed, and that decision is controlling upon the question of waiver. Section 10 of the constitution provides that, when it is shown that no beneficiary has been designated, then the insurance shall be paid to the next relatives in succession, as specified in section 6; but if there be no such relatives the insurance shall be paid to the lodge of which the deceased was a member. It follows that the designation of Mary Fernbach was null and void. The provisions of the constitution were not waived, and there was no designation. Consequently the relatives next in succession, if any, became entitled to the fund, and, if there were none, then the lodge was entitled to it.

As to the question of estoppel, appellant relied upon the following facts: Mary Fernbach was designated by Henry Katz as a beneficiary on the sixteenth day of May, 1901, by filling out the blank provided for that purpose on the back of the certificate, and the same was attested by the secretary of Fairfax Lodge, and the lodge

seal affixed thereto. The secretary never reported the change to the lodge, and Henry Katz was a member in good standing at the time of his death; all of the dues and assessments of both lodges having been paid. Conceding, without deciding, that the act of the secretary was notice to the lodge that the change had been made, and conceding that until the time of his death the dues and assessments were paid by Henry Katz and received by the lodge, upon the supposition that Mary Fernbach was the beneficiary, these facts do not bring the case within the rule of estoppel. There is no evidence that either the secretary or the lodge had any knowledge or reason to believe that Mary Fernbach did not belong to one of the classes permitted in the constitution. The lodge was entitled to assume that the designation was made in accordance with the constitution. The acceptance of the dues and assessments was without knowledge of the facts, and there was nothing in the certificate, nor in connection with the designation, to put the lodge upon inquiry as to whether the new beneficiary was prohibited by the constitution.

Affirmed.