MCBRIDE v. THOMPSON.

SPECIFIC PERFORMANCE—EVIDENCE—INJUNCTION.

Evidence in a suit for specific performance of a contract assigning a benefit certificate upon the life of defendant policy holder to complainants in consideration of their keeping up the premiums, that complainants carried out the arrangement for ten years, when a cash settlement was made with the insurer, on defendant's becoming 70 years of age, pursuant to the provisions of the policy, that she had made no complaint prior to that time of complainants' acts, and, several years after the contract of assignment, acknowledged in writing that complainants were entitled to all benefits, *held*, to refute defendant's claim that she was overreached in the making of the agreement of assignment, and did not know of the surrender value at the age of 70 years, and to warrant a decree specifically enforcing the agreement and enjoining defendants from transferring the policy.

Appeal from Montcalm; Davis, J. Submitted June 11, 1912. (Docket No. 76.) Decided May 28, 1913.

Bill by Ellen McBride and others against Elizabeth Thompson and another for specific performance of a

contract and other relief. From a decree for complainants, defendants appeal. Modified and affirmed.

*Edward J. Bowman,* for complainants.

*Frank E. Jones,* for defendants.

BIRD, J. The bill of complaint in this cause was filed to enforce specifically a contract assigning the benefits arising from an insurance policy, and for an injunction to restrain defendants from disposing of the proceeds of the policy. The decree was in favor of complainants in the trial court, and defendants have appealed.

The defendant Elizabeth Thompson is a half-sister of complainants and defendant Conde. She and Conde remained on the home farm in Washtenaw county until Conde was married, when she went to live with complainant Culver in Oakland county. In 1893, while she was living on the farm with her brother, she became a member of the Modern Maccabees and took out a benefit certificate for $1,000 with her brother as the beneficiary. She was possessed of a meager income, and soon after going to Mrs. Culver's she indicated her intention of letting the policy lapse because of the frequent assessments. Mrs. Culver advised against this course, and suggested that Mrs. McBride, Arthur, and herself would keep up the assessments and divide the benefits arising therefrom equally between them. Mrs. McBride consented to this arrangement, but Arthur refused; so the matter was undertaken by Mrs. Culver and Mrs. McBride. This arrangement was agreed to by defendant Thompson. The certificate was subsequently changed, and complainants were named as beneficiaries therein. They paid the assessments for 10 years to the aggregate amount of 167.50. In December, 1902, Elizabeth signed a writing, certifying that complainants had paid all assessments since June, 1899, and were en-

titled to all the benefits received from the certificate. She made her home with the complainant Culver about five years, and then returned to the old home to keep house again for Conde, who had in the meantime separated from his wife. In 1909 she became 70 years of age, and while on a visit at Mrs. Culver's a cash settlement of $598 was arranged for with the order, and the certificate was surrendered. A voucher for this amount was subsequently delivered to Elizabeth, and upon her refusal to indorse it over to complainants this suit was begun.

The refusal of Elizabeth to carry out her contract with complainants is attempted to be justified on the ground that complainants, when making the agreement with her, did not advise her that the benefit certificate would have a cash surrender value when she was 70 years of age; that they did not deal fairly and openly with her; and that they drove a sharp bargain with her; and it is insisted under these circumstances that this court ought not to exercise its discretion to enforce specifically such a contract.

In her testimony Elizabeth admits that she contemplated dropping the policy. She admits that she entered into the agreement. The principal point she makes concerning the making of the contract is that she did not understand that any such cash settlement could be made when she became 70 years of age, but she does not say that she would have refrained from making the contract had she known of this; nor does she show that complainants had knowledge of it. Three years later, when she gave the writing, certifying that complainants were entitled to all the benefits arising from the certificate, she found some fault, because she thought it looked as though her sisters were unwilling to take her word for the contract; but she found no fault with the contract, and expressed no regret that she had made it. She made no complaint during the 10 years that complainants paid the assess-

ments that she had been overreached in making the agreement, and when the cash settlement was arranged for she gave her consent, and the only excuse she now gives for her refusal to carry out her agreement is that she did not understand that complainants were to have any of the benefits arising from the certificate until after she was dead. Her own testimony does not bear out the claim made in her behalf—that she was dealt with unfairly.

The refusal of complainant's husband to pay Elizabeth a few dollars interest money which he owed her, and the conduct and language of the son, Fred Culver, in his effort to induce his aunt to do as she had agreed and pay over the money to his mother, are made use of by counsel in his argument against the validity of the contract. It must be remembered that all this occurred 10 years after the contract was made, and after some ill feeling had been engendered by the refusal of Elizabeth to pay over the money, and is of little value in determining the validity of the contract.

The contract appears to have been made in good faith by all the parties, and to have been faithfully carried out by the complainants, and we are of the opinion that the trial court made a proper use of his discretion in ordering a specific performance of it.

The decree of the trial court will be modified by deducting therefrom the item of $20, paid by defendant Thompson for hive fees and per capita tax, and will then stand affirmed.

The complainants will recover their costs in this court.

Steere, C. J., and Moore, McAlvay, Brooke, and Stone, JJ., concurred with Bird, J.

Ostrander, J. In my opinion there is no consideration for the paper writing relied upon.