ZOE OLIVE LOGAN AND ANOTHER v. MODERN WOODMEN OF AMERICA.[1]

June 15, 1917.

Nos. 20,396—(123).

**Mutual benefit insurance — designation of ineligible beneficiary invalid.**

1. Where the by-laws of a fraternal association are made a part of the contract of insurance, and provide that no part of the benefit fund shall be paid to any person not bearing a specified relationship to the assured, the designation of a beneficiary not bearing such relationship is invalid.

**Same — acceptance of assessments not a waiver of by-law.**

2. Where the by-laws provide that, in case an ineligible person is named as beneficiary, the insurance shall be payable to the widow and children of the assured, the association cannot refuse to receive assessments on the ground the beneficiary named is ineligible, and the acceptance of such assessments does not operate as a waiver of the provision which made such beneficiary ineligible.

**Effect of payment into court.**

3. Paying the money into court was not an admission of liability to any particular claimant, but a demand that the court protect the association against double liability by determining to whom the money rightfully belonged.

**Designating an ineligible for beneficiary — by-law.**

4. Where the designation of an eligible beneficiary has been duly canceled in the manner prescribed by the contract, the designation of an ineligible beneficiary in the new benefit certificate does not operate to

[1] Reported in 163 N. W. 292.

revive or reinstate such canceled designation, where the by-laws provide that in such event the new certificate shall remain in force and be payable to certain eligible beneficiaries designated therein.

**Same.**

5. The by-laws declare void any and all attempts of the insured to dispose of the fund otherwise than provided in the contract, and an ineligible beneficiary acquired no interest therein by paying assessments under an agreement with the insured to share in it.

**Same.**

6. The designated beneficiary being ineligible, the by-laws made the children of the insured his beneficiaries.

Action in the district court for Ramsey county to recover $3,000 upon defendant's benefit certificate. Defendant made application to pay the money into court and to have Adolphus Jones, Iona Doran, Olive Doran, and her guardian, substituted as defendants in the action, and the application was granted. The case was tried before Dickson, J., who made findings and ordered judgment in favor of the substituted defendants. Plaintiffs' motions for judgment in their favor notwithstanding the decision, or for a new trial, and to amend the findings, were denied. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Percy D. Godfrey,* for appellants.

*James E. Doran* and *Timothy J. Doyle,* for respondents.

TAYLOR, C.

In 1889, Oliver Jones procured a benefit certificate for the sum of $3,000 in the Modern Woodmen of America in which Olive Austin, his housekeeper and the mother of his deceased wife, was named as the beneficiary. In his later years it became difficult for him to pay the assessments upon the certificate, and he made an arrangement with Zoe Olive Logan, a granddaughter of Mrs. Austin and a niece of his deceased wife, to the effect that Mrs. Logan should pay these assessments, should receive the proceeds of the certificate, and should divide such proceeds equally between herself and Mrs. Austin. Pursuant to this arrangement, the orignal certificate was duly surrendered and canceled, and in lieu thereof a new certificate was issued in which Mrs. Logan

was named as the beneficiary. After the making of this arrangement, Mrs. Logan paid the assessments as they became due until the death of Oliver Jones on October 15, 1915. After the death of the assured, Mrs. Austin and Mrs. Logan joined as plaintiffs in bringing this suit, and ask to recover the insurance under the certificate issued in favor of Mrs. Logan, and, in case they are not entitled to recover it under that certificate, ask to recover it under the original certificate issued in favor of Mrs. Austin, and, in case they are not entitled to recover under either certificate, ask to recover the assessments paid by Mrs. Logan amounting in the aggregate to the sum of $400. The children of the assured also made a claim for the insurance, whereupon the society paid the money into court and the children were substituted in its stead as defendants. The case then went to trial to determine whether the fund belonged to the plaintiffs or either of them, or to the children, and resulted in a judgment in favor of the children. Plaintiffs appealed.

The by-laws of the society are incorporated in and made a part of the contract of insurance. Section 45 of these by-laws provides:

"Benefit certificates shall be made payable only to the wife, surviving children, including legally adopted children, or some other person or persons specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood relative (blood relative meaning relationship not further removed than cousin in first degree), or person dependent upon him, or member of his family whom the applicant shall designate in his application. No payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, legally adopted child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death."

Under this by-law, the assured could appoint as beneficiary any person within any of the designated classes, but could make no valid appointment of any person not within some one of such classes.

It is conceded that Mrs. Austin was a dependent of the assured and a member of his family at the time the first certificate was issued, and so remained until his death, and that she was properly and lawfully designated as the beneficiary in such first certificate. Section 47 of the by-laws provides that any member, who desires to change his beneficiary,

shall execute the surrender clause on the back of his certificate and return the certificate to the society, and that the head clerk "shall thereupon issue a new benefit certificate to the beneficiary named in said surrender clause, subject to the provisions of section 45 hereof." In his application to have Mrs. Logan named as his beneficiary in place of Mrs. Austin, Oliver Jones stated that Mrs. Logan was his niece; and upon this application the society canceled the first certificate and issued a new certificate payable to Mrs. Logan, "related to said member in the relationship of niece." It is conceded, however, that Mrs. Logan in fact is not a blood relative of the assured, but the niece of his deceased wife, and that she was never dependent upon him, nor a member of his family. Consequently she is not within any of the classes of persons eligible to be appointed as his beneficiary; and her appointment as such, being prohibited by the laws of the society, gave her no right to share in the benefit fund of the society. Middelstadt v. Grand Lodge O. S. H. 107 Minn. 228, 120 N. W. 37; Meyer v. Grand Lodge O. S. H. 108 Minn. 25, 121 N. W. 235; Anderson v. Royal League, 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 901; Bush v. Modern Woodmen of A. (Iowa) 152 N. W. 31, 162 N. W. 59; Supreme Lodge O. of M. P. v. Dewey, 142 Mich. 666, 106 N. W. 140, 3 L.R.A.(N.S.) 334, 113 Am. St. 596, 7 Ann. Cas. 681; O'Brien v. Massachusetts C. O. of F. 220 Mass. 79, 107 N. E. 400; Murphy v. Nowak, 223 Ill. 301, 79 N. E. 112, 7 L. R. A. (N. S.) 393; Gregory v. Sovereign Camp of W. of World, 104 S. C. 471, 89 S. E. 391; Kerr v. Crane, 212 Mass. 224, 98 N. E. 783, 40 L. R. A. (N. S.) 692.

Plaintiffs presented evidence tending to show that the clerk of the local camp of which Oliver Jones was a member knew the actual relationship existing between him and Mrs. Logan, and contend that the society, by accepting the assessments while the local clerk possessed this knowledge, waived the by-laws making Mrs. Logan ineligible as a beneficiary. If appointing an ineligible person as beneficiary rendered the contract of insurance void, there would be force in this contention, for the society could not collect and retain the subsequent assessments and also assert the forfeiture. But appointing an ineligible beneficiary did not render the contract void. Section 46 of the by-laws provides:

"In the event of the disqualification of the beneficiary under the pro-

visions of section 45 hereof, and if such member has failed to have another beneficiary named, as provided in section 47 hereof, then the amount to be paid under the benefit certificate shall be payable to the surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the widow; if no widow, to his children, including his legally adopted children."

By virtue of this provision, if the beneficiary named is found to be ineligible, the widow, and, if no widow, the children become the beneficiaries, and the obligation of the society remains in full force. If the appointee in the certificate is ineligible, the by-laws step in and appoint another in his stead who is eligible. Consequently the society could not declare the contract annulled, nor refuse to receive the assessments on the ground that the beneficiary named was ineligible, and the payment and acceptance of the assessments merely continued the contract in force according to its terms. As the society had no option to refuse the assessments, it cannot be held to have waived the provisions of the by-laws by accepting them. Abell v. Modern Woodmen, 96 Minn. 494, 105 N. W. 65, 906; Johnson v. Modern Brotherhood, 109 Minn. 288, 123 N. W. 819, 27 L.R.A.(N.S.) 446; Meyer v. Grand Lodge O. S. H. 108 Minn. 25, 121 N. W. 235; Bush v. Modern Woodmen (Iowa) 152 N. W. 31.

We are also unable to assent to the proposition that the payment of the money into court operated to waive the by-law. By paying the money into court, the society simply recognized liability to the rightful claimant thereto, not to any particular claimant; and its action amounted to nothing more than a demand that the court protect it against a double liability by determining to whom the money rightfully belonged. Supreme Lodge v. Price, 27 Cal. App. 607, 150 Pac. 803; Faubel v. Eckhart, 151 Wis. 155, 138 N. W. 615; Berg v. Damkoehler, 112 Wis. 587, 88 N. W. 606.

The contention that, if the appointment of Mrs. Logan as beneficiary was void, the original certificate issued in favor of Mrs. Austin remained in force, cannot be sustained. The appointment of Mrs. Austin as beneficiary was canceled by the assured in the manner prescribed by the by-laws; that the failure to appoint an eligible beneficiary in the new certificate did not revive or reinstate the canceled

appointment, but, by force of the by-laws, made the children of the assured his legal beneficiaries. Vanasek v. Western Bohemian Fraternal Assn. 122 Minn. 273; 142 N. W. 333, 49 L. R. A. (N. S.) 141, Ann. Cas. 1914D, 1123; Meyer v. Grand Lodge O. S. H. 108 Minn. 25, 121 N. W. 235; Jewell v. Grand Lodge, 41 Minn. 405, 43 N. W. 88; Bush v. Modern Woodmen (Iowa) 152 N. W. 31; Supreme Lodge v. Hine, 82 Conn. 315, 73 Atl. 791; Doherty v. A. O. H. W. & O. F. 176 Mass. 285, 57 N. E. 463; Grand Lodge v. Mackey (Tex. Civ. App.) 104 S. W. 907; Alfsen v. Crouch, 115 Tenn. 352, 89 S. W. 329.

Plaintiffs further contend that, if they cannot recover under either certificate, Mrs. Logan is entitled to recover the amount of the assessments paid by her pursuant to her agreement with the assured. She was undoubtedly entitled to collect them from him or his estate, but it does not follow that she is entitled to collect them out of this benefit fund. The statutes provide that this fund shall not be applied by any legal or equitable process to pay any debt or liability of the insured. G. S. 1913, §§ 3548, 7951. Plaintiffs urge that the insurance was kept in force by the payments made by Mrs. Logan; that they were made pursuant to an agreement that she should share in the fund, and that the transaction should be given effect as an equitable assignment of the fund to the extent, at least, of the amount advanced which went toward preserving the fund. Such contracts may doubtless be given effect unless prohibited by statute or the laws of the society. Swedish C. M. Society v. Lawrence, 79 Minn. 124, 81 N. W. 756; Stronge v. Supreme Lodge, 189 N. Y. 346, 82 N. E. 433, 12 L. R. A. (N. S.) 1206, 121 Am. St. 902, 12 Ann. Cas. 941; McBride v. Thompson, 175 Mich. 136, 141 N. W. 541; Benard v. Grand Lodge, 13 S. D. 132, 82 N. W. 404; Kerr v. Crane, 212 Mass. 224, 98 N. E. 783, 40 L.R.A. (N.S.) 692. But section 47 of the by-laws provides:

"Any attempt by a member to change the payee of the benefits of his benefit certificate by will or other testamentary document, contract, agreement, assignment or otherwise than by strict compliance with the provisions of this section shall be absolutely null and void. Any agreement entered into by the member by the terms of which he attempts to assign the benefits or any portion thereof agreed to be paid under the certificate to any other person than the beneficiary designated in

the certificate shall be absolutely void. Any agreement entered into by a member not to change his beneficiary shall be null and void."

This provision is a part of the contract, is valid and binding, and the assured could not create any right to the fund, or any part thereof, by an express or implied agreement prohibited by such provision. Thomas v. Covert, 126 Wis. 593, 105 N. E. 922, 3 L.R.A.(N.S.) 904, 5 Ann. Cas. 456; Faubel v. Eckhart, 151 Wis. 155, 138 N. W. 615; Baldwin v. Begley, 185 Ill. 180, 56 N. E. 1065; Supreme Lodge v. Hine, 82 Conn. 315, 73 Atl. 791.

It follows that the trial court reached the correct conclusion, and its judgment is affirmed.