Submitted on briefs October 16, affirmed November 20, 1923, motion to retax costs denied January 8, 1924.

J. B. RHODES, Administrator of Estate of GEORGE W. WALKER, Deceased, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES and ADDIE M. THOMAS.

(220 Pac. 736.)

Insurance—Rules of Company Insuring Its Employees are Part of Contract of Insurance.

1. Whatever rules an employer, insuring its employees under a group policy of insurance, promulgates concerning the insurance of its employees, are a part of the contract of insurance, and are

as binding upon the parties as any other provision in the contract.

### Insurance—Appointment of Beneficiary by Insured is Void, if It is Made Contrary to Statute.

2. If a statute defines the class of persons who are eligible to appointment as beneficiaries and also specifies the person to whom insurance moneys shall be paid in the event insured has named an ineligible person as his beneficiary, the insurer cannot waive the statute, and the appointment of an ineligible person is invalid.

### Insurance—If Beneficiary Named is not Eligible Under Insurer's Rules, Insurer cannot Waive Rule and Pay Proceeds to Such Beneficiary.

3. If an insurance policy is governed by a rule of the insurer defining the class of persons eligible to appointment by insured, and declaring that if the insured names an ineligible person as beneficiary the insurance moneys shall be paid to a person coming within a prescribed class, the insurer cannot waive the rule and pay the moneys to an ineligible person named as beneficiary by insured.

### Insurance—Objection to Beneficiary Waived by Payment of Money into Court—Administrator of Deceased Insured Could not Complain of Insured's Designation of Beneficiary.

4. Where the rules of a company insuring its employees under a policy of group insurance provided that an employee might designate any person as his beneficiary, subject to the right of the company in its discretion to approve such appointment if the designated beneficiary was not related to or dependent upon insured and the policy provided that if there was no designated beneficiary surviving, payment would be made to the executors or administrators of the insured, *held,* that where an insured designated his divorced wife as beneficiary, and she survived him, the insurance company waived whatever right it might have had arising out of the employer's rules by paying the money into court, and that the administrator of insured could not complain of insured's designation of beneficiary.

### Insurance—If Named Beneficiary is Wholly Ineligible, Insured's Administrator may Complain.

5. If the named beneficiary of a policy is wholly ineligible, irrespective of consent or waiver by insurer, and the policy provides that the insurance proceeds must be paid to the administrator if the appointed beneficiary prove ineligible, the administrator may complain of the ineligibility of the named beneficiary.

## From Multnomah: H. H. BELT, Judge.

4. What rights are waived by insurer who pays money into court, see notes in 2 A. L. R. 1680; 15 A. L. R. 1260.

In Banc.

This controversy relates to the proceeds of a life insurance policy or certificate insuring the life of George W. Walker who is now deceased. George W. Walker and Addie M. Walker, now Addie M. Thomas, were married at Riverside, California, on March 10, 1901, and they continued to be husband and wife until July 13, 1919. No children were born as a result of the marriage. The wife commenced in a District Court of Utah a suit for divorce against the husband on the ground of nonsupport; and on January 13, 1919, she was granted an interlocutory decree of divorce which became absolute on July 13, 1919. In addition to the decree of divorce, a judgment was rendered against George W. Walker for attorney's fees and costs of the suit; and this judgment is still unsatisfied.

In January, 1917, the Equitable Life Assurance Society of the United States, a corporation engaged in the business of life insurance, issued to the Oregon-Washington Railroad & Navigation Company, a corporation, a policy of group insurance by virtue of which the insurance company insured the lives of certain of the employees of the railroad company for the respective amounts specified in the individual certificates issued to such employees.

George W. Walker had for some time prior to May 30, 1920, been employed by the railroad company as a brakeman and conductor, and by virtue of such employment he was entitled to receive, without cost to him, the benefits of life insurance under the employing railroad company's insurance plan for employees; and accordingly under date of May 30, 1920, he applied for such insurance by signing the following statement:

"Union Pacific System
Insurance Plan for Employees.
Oregon-Washington Railroad and Navigation Company.
(Employing Company)
Employee's Statement.

My full name is George William Walker.

I entered service of Union Pacific System at Portland (date) 25th March 1918.
place        month   year

I am now employed in Operating Department. Capacity, Brkman. & Condr. At Portland
City or Town.

Multnomah    Oregon.
County.      State.

My residence is No. New Houston Hotel Portland
Street.                City or Town.

Mult.       Oregon.
County.     State.

I was born at St. Albans    Franklin     Vermont
Place.           County.        State.

on the 24th of June, 1867.

Be sure to ascertain correct date of birth (day, month, year).

Sex—Male.  I am married.
State here whether single, married or widowed.

Make Life)
Insurance ) Addie Walker.
payable to) Insert here full name of beneficiary: Wife,
State relationship
to applicant.

New Houston Hotel, Portland, Oregon,
Give beneficiary's address if other than that of applicant.

if living at my death, with the right reserved to change beneficiary.

It is expressly understood and agreed that all liability and obligation under the aforesaid policy, if issued, shall cease and determine immediately upon the termination of my employment with my employer, as named above."

There was issued and delivered to George W. Walker a paper labeled:

"Certificate of Life, Accident and Health Insurance under group policies issued by the Equitable Life Assurance Society of the United States and the Continental Casualty Company."

The paper consists of four pages, the last two of which relate particularly to accident and health insurance furnished by the Continental Casualty Company. We are not now interested in the last two pages and no notice will be taken of them. On the first page of this paper the railroad company certifies that George W. Walker was entitled to life insurance under the railroad company's insurance plan for employees, and that the life insurance is furnished by the Equitable Life Assurance Society of the United States and is payable to "his wife Addie Walker if surviving the insured, subject to change of beneficiary by indorsement on the" policy. The first page also contains the following:

"The insurance is subject to the provisions contained in the said certificates of the insurance companies and to the rules and regulations issued by the Railroad and Navigation Company governing its said insurance plan. The premiums are paid by the Railroad and Navigation Company.

"All such insurance will cease immediately upon the termination of service with the Oregon-Washington Railroad and Navigation Company, without regard to the cause of such termination."

The second page of the paper contains what for the purposes of this case may be designated as the contract of the insurance company. This contract so far as it is material here is as follows:

"The Equitable Life Assurance Society of the United States has insured the lives of certain em-

ployees of the Oregon-Washington Railroad and Navigation Company by a policy of group insurance issued and delivered to the said Company. Under and subject to the terms and conditions of said policy, the life of the insured named on the first page of this certificate is insured in the amount of one year's wages, not to exceed in any case $2500 nor to be less than $500, payable if death occur while in the employment of the said Oregon-Washington Railroad and Navigation Company, during the continuance of said policy, in twelve equal monthly payments to the beneficiary designated by said Insured; subject to the right of the Insured to change the beneficiary.

"If there be no designated beneficiary surviving at the death of the Insured, payment will be made to the widow or widower of said Insured, as the case may be, if any surviving, otherwise to the executors or administrators of the insured. * * "

Certain rules and regulations of the Union Pacific System—Oregon-Washington and Navigation Company—governing certificates of insurance were in force and effect on May 30, 1920, and until the death of George W. Walker. Rule 11, which was one of the rules in force, is as follows:

"For the purpose of the life insurance an employee may designate as beneficiary any person who is related to the employee either by blood or marriage, or who is wholly or partially dependent upon him although not a relative, and only such a person; except that in case an employee desires to designate as beneficiary a person not a relative or dependent the employing company in its discretion may approve such designation. * * "

At some time subsequent to May 30, 1920, Addie M. Walker remarried, and her name now is Addie M. Thomas. George W. Walker died intestate on December 25, 1921, while in the employ of the rail-

road company and while the insurance policy or certificate was in force. Addie M. Walker, now Thomas, was the only wife George W. Walker ever had; and he had never made nor attempted to make any change in the beneficiary designated in his policy.

J. B. Rhodes, as administrator of the estate of George W. Walker, deceased, began an action against the insurance company to recover $1,488, the amount payable on the insurance certificate or policy. The insurance company appeared and showed that the administrator and Addie M. Thomas were each claiming the amount due on the policy. The insurance company admitted that it was liable either to the administrator or to Addie M. Thomas in the full sum of $1,488; and upon depositing that amount with the court the insurance company was discharged from liability. Addie M. Thomas intervened and asserted that she was entitled to the moneys. The litigation then proceeded with the administrator and Addie M. Thomas as the only contestants. The Circuit Court ruled that Addie M. Thomas was entitled to the moneys. The administrator appealed.

AFFIRMED.   MOTION TO RETAX COSTS DENIED.

For appellant there was a brief over the name of *Mr. Frank C. Hanley.*

For respondent there was a brief over the name of *Mr. Barnett H. Goldstein.*

HARRIS, J.—1. Whatever rules the railroad company promulgates concerning the insurance of its employees are a part of the contract of insurance and are, stating the rule broadly, as binding upon

the parties as any other provisions in the contract: *Independent Foresters* v. *Keliher,* 36 Or. 501, 510 (59 Pac. 324, 1109, 60 Pac. 563, 78 Am. St. Rep. 785). The plaintiff invokes this general doctrine and says that Rule 11 is a part of the contract; and then after making Rule 11 a part of the contract the plaintiff argues that Addie M. Walker was ineligible and that the designation of her as the beneficiary was invalid, with the result that the administrator is entitled to the moneys. Policies issued by mutual benefit and fraternal insurance societies are frequently limited and controlled by a state statute or by a rule of the society defining and limiting the class of persons who may be designated as beneficiaries and declaring that the insurance moneys shall not be paid to an ineligible person; and such statutes or rules are usually fettered by another provision to the effect that if the person who is designated as the beneficiary is found to be ineligible, the insurance moneys shall be paid to some person or persons who belong to a specified class. Under the terms of such policies the insurer in effect says to the insured:

"You may designate the beneficiary, but in doing so you must name some person who under the statute or rule is qualified to be a beneficiary. If, instead of designating a qualified person, you name an ineligible person, the statute or the rule will by its own force ignore your designation and will name as the beneficiary whoever happens to belong to whatever class is specified by such statute or rule as the class entitled to the insurance moneys."

2, 3. Obviously, if a statute defines the class of persons who are eligible to appointment as beneficiaries and also specifies the person or persons to whom insurance moneys shall be paid in the event

the insured has named an ineligible person as his beneficiary, the appointment made by the insured is invalid and void; and furthermore, the insurer cannot waive the statute. We may assume, too, that if the policy is governed only by a rule of the insurer defining the class who are eligible to appointment by the insured and declaring that if the insured names as the beneficiary an ineligible person the insurance moneys shall be paid to a person or persons coming within a prescribed class, the insurer cannot in such a situation waive the rule and pay the moneys to the ineligible person appointed by the insured as the beneficiary. All the following precedents relied upon by the plaintiff involve a state statute or a rule or both a statute and a rule like the ones above mentioned: *Anderson* v. *Royal League,* 130 Minn. 416 (153 N. W. 853, Ann. Cas. 1917C, 691, L. R. A. 1916B, 901); *Logan* v. *Modern Woodmen of America,* 137 Minn. 221 (163 N. W. 292, 2 A. L. R. 1676); *Bush* v. *Modern Woodmen,* 182 Iowa, 515 (152 N. W. 31, 162 N. W. 59); *Supreme Lodge O. M. P.* v. *Dewey,* 142 Mich. 666 (106 N. W. 140, 113 Am. St. Rep. 596, 7 Ann. Cas. 681, 3 L. R. A. (N. S.) 334); *O'Brien* v. *Massachusetts Catholic Order of Foresters,* 220 Mass. 79 (107 N. E. 400); *Murphy* v. *Nowak* 223 Ill. 301 (79 N. E. 112, 7 L. R. A. (N. S.) 393); *Gregory* v. *Sovereign Camp W. W.,* 104 S. C. 471 (89 S. E. 391); *Modern Woodmen* v. *Comeaux,* 79 Kan. 493 (101 Pac. 1, 17 Ann. Cas. 863, 25 L. R. A. (N. S.) 814); *Britton* v. *Supreme Council,* 46 N. J. Eq. 102 (18 Atl. 675, 19 Am. St. Rep. 376).

4, 5. However, the facts in the instant case clearly distinguish it from the precedents relied upon by the plaintiff. Under the terms of Rule 11 the employee may as a matter of right and uncontrolled by

the discretion of the railroad company designate any person who is related to the employee or who is wholly or partially dependent upon him. The rule does not declare that only such a person is eligible to receive the insurance moneys nor does this rule or any provision of the contract of insurance declare that if an ineligible person is named insurance money shall be paid to some other person specified by rule or by the policy. Rule 11 expressly provides that the employee may designate any person as his beneficiary, and, although this right of appointment is limited and controlled by the right of the employing company in its discretion to approve such appointment if the designated beneficiary is not related to or dependent upon the insured, the rule does not declare that a person who is neither a relative nor a dependent is ineligible to appointment. The contract of insurance goes no further than to say that—

"If there be no designated beneficiary surviving at the death of the insured, payment will be made * * to the executors or administrators of the insured."

There was a designated beneficiary surviving. See *Taylor* v. *Hair,* 112 Fed. 913; *Wolfstern* v. *Pennsylvania R. R. Co.,* 76 N. J. Eq. 78 (74 Atl. 533); *Smith* v. *B. & O. R. R. Co.,* 81 Md. 412 (32 Atl. 181). There is nothing in the contract of insurance preventing the insurance company from waiving any right that it might have arising out of Rule 11; and the company has waived any right it might have had by paying the money into court: *Woodmen of the World* v. *Rutledge,* 133 Cal. 640 (65 Pac. 1105); *Titsworth* v. *Titsworth,* 40 Kan. 571 (20 Pac. 213); *Hall* v. *Allen,* 75 Miss. 175 (22 South. 4, 65 Am. St. Rep. 601). If it be said that the rule is for the benefit and pro-

tection of the railroad company the plaintiff cannot step into the shoes of the railroad company and complain for it: *Pleasants* v. *Locomotive Eng. Mut. L. etc. Assn.,* 70 W. Va. 389 (73 S. E. 976, Ann. Cas. 1913E, 490). The railroad company is not attempting to prevent the appointed beneficiary from recovering. If by a rule of the railroad company or by some other express provision in the contract of insurance the intervener had not been eligible to appointment at all and if the rule or express provision in the contract of insurance declared that the insurance moneys must be paid to the administrator in the event the appointed beneficiary proved to be ineligible, then the plaintiff could complain: *Logan* v. *Modern Woodmen of America,* 137 Minn. 221 (163 N. W. 292, 2 A. L. R. 1676); *Sanders* v. *Grand A. O. U. W.,* 153 Ill. App. 7; *Supreme Lodge F. B.* v. *Price,* 27 Cal. App. 607 (150 Pac. 803). But such is not the situation presented by the instant case. The record is devoid of any fraud unless it can be said that the designation of Addie M. Walker as ''wife'' was a fraud upon the railroad company. For aught that appears in the record, however, the insured may have been entirely free from any actual intent to deceive or to defraud the railroad company. But the railroad company is not complaining; and as already stated the plaintiff cannot occupy the shoes of the company and complain for it. The instant case does not involve any question of public policy such as possibly could be urged where the insured and the beneficiary have been unlawfully living together.

The conclusion of the trial court is affirmed.

Affirmed.    Motion to Retax Costs Denied.

Burnett, J., took no part in the decision of this case.