[No. 30765. Department Two. May 9, 1949.]

PAINTERS' UNION, LOCAL No. 300 *et al., Plaintiff,* v.
DOROTHY ANDERSON, *Appellant,* ARMY SEIJAS,
*as Administrator, et al., Respondents.*[1]

*Lycette, Diamond & Sylvester,* for appellant.

*Solie M. Ringold* and *James M. Ballard,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment decreeing that the administrator of the estate of a deceased member of the Painters' Union is entitled to the proceeds of death benefits from the union, rather than the beneficiary named by the decedent.

[1] Reported in 206 P. (2d) 304.

Painters' Union, Local No. 300, is a voluntary, unincorporated association, having a membership in excess of one thousand. Its parent organization is the Brotherhood of Painters, Decorators and Paperhangers of America.

William Edward Cummins died in Seattle on December 12, 1944. He was a member of Local No. 300 and, as such, was entitled to death benefits provided by the local and the brotherhood. Section 131(b) of the brotherhood constitution provides:

"(b) The last named beneficiary in the member's last due book shall be the legal beneficiary. When a change is desired, same shall be properly changed on the 'Change of Beneficiary' page in front of the title page of the member's last due book and the same must be signed by the member, dated and witnessed by the Financial Secretary."

Section 134(a) provides:

"(a) When a member dies without naming any beneficiary, his relatives shall be entitled to the benefits accruing at his death in the following succession:—Wife, children, parents, brothers and sisters; except, however, that where a dispute arises between parties as to the person entitled to receive benefits or where funeral expense, or expenses incurred on account of the member's last illness, have not been paid, or have been paid by relatives, or by a local union or other persons, the G. E. B. is authorized to make any payment to the wife, or to any relative by blood or connection by marriage of the deceased member, or to any other person appearing to said G. E. B. to be equitably entitled to the same, by reason of having incurred expenses on account of the deceased member's last illness or for his burial."

Section 7 of the by-laws of local 300 provides:

"This Local Union shall create a Mortuary Fund by assessing each member one and one-half ($1.50) dollars at the time of initiation, and one dollar ($1.00) on the death of a brother member; and the beneficiary of the deceased brother be paid one dollar for each member in good standing at the time of the death. A member more than three deaths in arrears is ineligible for Mortuary Fund benefit unless the deaths occurred in one quarter."

Mr. Cummins had originally named his wife as beneficiary, but she predeceased him. Later, on August 8, 1944,

he changed the beneficiary in his due book to Dorothy Anderson, in accordance with Section 131(b). Miss Anderson was not a blood relative, but was a niece of his deceased wife.

A controversy arose between Miss Anderson and the administrator of the estate as to which of them was entitled to the proceeds of the death benefits. Local 300 commenced an action in interpleader against the interested parties, paying into the registry of the court $1,524 as a death benefit due from the local, and $400 due from the brotherhood.

The administrator contended that he was entitled to the death benefits because Miss Anderson was not one of the beneficiaries named in Rem. Supp. 1943, § 7264 [P.P.C. § 659-11], a section in the fraternal portion of the insurance code. Section 7264 provides:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, children by legal adoption, or to a person or person dependent upon the member, or the member or applicant, may with the consent of the society, make his or her estate the beneficiary . . ."

On the other hand, Miss Anderson contended that she was exempt from the operation of the act, under the provisions of Rem. Supp. 1941, § 7288 [P.P.C. § 659-59]:

"Nothing contained in this act shall be construed to affect or apply to grand or subordinate lodges of Masons, Odd Fellows, Improved Order of Red Men, Fraternal Order of Eagles, Loyal Order of Moose, or Knights of Pythias, exclusive of the insurance department of the Supreme Lodge of Knights of Pythias, the Grand Aerie Fraternal Order of Eagles, and the Junior Order of United American Mechanics, exclusive of the beneficiary degree or insurance branch of the National Council Junior Order United American Mechanics, or societies which limit their membership to any one hazardous occupation, nor to similar societies which do not issue insurance certificates, nor to any association of local lodges of a society now doing business in this state which provides death benefits not exceeding three

hundred dollars ($300) to any one person, or disability benefit *not exceeding three hundred dollars* ($300) in any one year to any one person, or both, nor to any contracts of reinsurance business on such plan in this state, nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm, business house or corporation, nor to domestic lodges, orders or associations of a purely religious, charitable and benevolent description, which do not provide for a death benefit of more than one hundred dollars ($100), or for disability benefits of more than one hundred and fifty dollars ($150) to any one person in any one year: *Provided always,* That any such domestic order or society which has more than five hundred members, and provides for death or disability benefits, and any such domestic lodge, order or society which issues to any person a certificate providing for the payment of benefits, shall not be exempt by the provisions of this section, but shall comply with all the requirements of this article. The Commissioner may require from any society such information as will enable him to determine whether such society is exempt from the provisions of this article."

The fraternal portion consists of thirty-two sections, Rem. Rev. Stat., § 7259 [P.P.C. § 659-1], *et seq.* Section 7259 provides:

"Any corporation, society, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 7263, hereof, is hereby declared to be a fraternal benefit society."

Rem. Rev. Stat., § 7263, provides for the benefits of every society transacting business under the act. Section 7264 names the beneficiaries. Section 7265 limits the qualifications for membership to persons not less than sixteen nor more than sixty years of age, who have been examined by a qualified practicing physician. Section 7266 provides that the certificate issued by the society, its constitution and laws, and the application for membership, shall constitute the agreement between the society and the member. Sec-

tion 7267 provides for the investment of funds, and that no society shall be admitted to transact business in this state which does not provide for stated periodical contributions sufficient to provide for meeting the mortuary obligations contracted, when valued upon the basis of the National Fraternal Congress Table of Mortality. Section 7273 provides for the issuance of an annual license. Section 7281 provides for an annual report to the commissioner and for an examination by him of the affairs of the society. Section 7288 provides for the exemption of certain societies from the operation of the act.

The foregoing sections are practically identical with a uniform code adopted by several states, having as their object the protection of members of fraternal societies who banded themselves together for the main purpose of obtaining sick and death benefits. The fraternal and social feature was incidental to the obtaining of the benefits.

A fraternal benefit society is one in which the business is carried on by secret fraternal lodge or council, under the supervision of a grand or supreme body, and which secures its members through the lodge system exclusively, paying no commissions and employing no agents except in the organization and supervision of the local lodges. 1 Cooley's Briefs on Insurance, (2d ed.) 77, 5 (g).

In the instant case, it was not alleged or proved that local No. 30 had a lodge system with ritualistic form of work; that its beneficiary membership was limited to persons between sixteen and sixty years of age, who had been examined by a qualified practicing physician; that it provided for stated periodical contributions sufficient to provide for meeting the mortuary obligations contracted, when valued upon the basis of the National Fraternal Congress Table of Mortality; that it pays an annual license; or that it makes an annual report to the commissioner.

The objects of the union, as set out in section 2 of its constitution, are: the aiding of members to become more skillful and efficient workers; the promotion of their general intelligence; the elevation of their character; the regulation of wages, hours and conditions of labor; the cultivation

of friendship among the members and the rendering of assistance in securing employment; the promotion of their individual rights in the prosecution of their trade or trades; and the raising of funds for the benefit of sick, disabled or unemployed members and the families of deceased members who continuously complied with their laws.

It will thus be seen that the primary object of their organization is the protection and advancement of the workers, and that the obtaining of death benefits is merely incidental. Section 7288, *supra*, exempts certain lodges and societies from the operation of the act. This is evidence of the intent of the legislature to regulate only such lodges and societies which have as their primary object the obtaining of sick and death benefits.

We are therefore of the opinion that the plaintiff union does not come within the purview of the fraternal code. The funds placed within the registry of the court should be disbursed to the appellant, the named beneficiary, in accordance with the provisions of the constitution and by-laws of the union.

The judgment appealed from is reversed, and the cause is remanded with instructions to disburse the funds remaining in the registry of the court to the appellant.

JEFFERS, C. J., ROBINSON, SIMPSON, and GRADY, JJ., concur.