**DYER v. OCCIDENTAL LIFE INS. CO. OF CALIFORNIA et al.**

No. 12274.

United States Court of Appeals Ninth Circuit.

May 5, 1950.

D. P. Price and Joe P. Price, Portland, Or., for appellant.

Leedy & Keane, Gordon H. Keane and Robert A. Leedy, Portland, Or., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

This action arose under the interpleader statute, 28 U.S.C.A. § 1335. Appellee, Occidental Life Insurance Co. (plaintiff below), deposited the sum of $1200 (this sum representing the proceeds of a life insurance policy) into the registry of the court and disclaimed further interest in this fund. Adverse claimants to the fund are appellant, T. Ona Dyer, an Oregon citizen, and appellees; Mary Ann and Patricia Katherine Zimmer, citizens of Montana. Occidental is merely a nominal appellee.

The insured, Raymond Zimmer, who was a member of the Teamsters Union, died on November 21, 1947. Pursuant to the vote of its members the union had, on July 1, 1947, entered into a group life insurance contract with Occidental whereby the life of each member of the union was insured in the amount of $1,200. A group or master policy was issued to the union by Occidental and an individual certificate (which was stated to be evidence of the insurance and subject to the terms of the group policy) was issued to each member of the union. Participation of the insurance plan was compulsory on all members of the union, and each member was assessed an additional $1 per month dues to pay the insurance premium, but this amount did not

represent the exact cost to the union of the group premium.[1]

Appellant is not related to Zimmer but claims the proceeds payable under the policy because she had been designated by Zimmer as his beneficiary. This "designation" was effective as of July 1, 1947. The provisions of the group or master policy contain no restrictions on who may be named as a beneficiary, but merely permit changes in the designated beneficiary, and provide classes of successive preference beneficiaries in the event that no beneficiary is designated.

Appellees are two minor children of Zimmer.[2] They are entitled, under the provisions of the successive preference beneficiary clause, to the proceeds of the policy in the event that the designation of appellant as beneficiary was ineffective. Appellees' claims are based upon an amendment of the union by-laws which limited and restricted permissible beneficiaries to members of a designated class (wife, child or children, father, mother, brother or sister).[3] These amendments to the by-laws were duly adopted by vote of the members of the union and became effective as of November 4, 1947 (subsequent to the time of Zimmer's designation of appellant as his beneficiary, but prior to the date of his death, which occurred on November 21, 1947).

The trial court held that "the spirit" of the transaction required the by-laws and the master policy to be tied together and therefore the previous designation of appellant as beneficiary became ineffective after the noted amendment to the by-laws was adopted.

Oregon law governs but neither party has found any decision in Oregon or elsewhere which dealt directly with the precise question before us.[4] Appellant relies upon general contract law and the wording of the policy and contends that the written contract of insurance is controlling. She insists that because the policy makes no reference to the union's by-laws, the latter cannot limit or modify the terms of the former.[5]

Appellees cite the Oregon statutes concerning fraternal benefit associations, O.C.L.A. §§ 101-701 et seq., which restrict payment of death benefits to members of a designated class. While we do not agree with appellees that the union is a fraternal benefit society within the meaning of the statute,[6] we think it clear that the Oregon statute establishes beyond doubt that the union's by-law limiting beneficiaries to members of a restricted class is not contrary to public policy in Oregon.

Group insurance policies entered into between insurance companies and labor unions for the benefit of the members are

---

1. The actual premium rate to the union was based on the average age of the members. The record does not disclose whether that rate proved to be more or less than the individual $1 monthly assessment.

2. The mother of the children is the divorced wife of Zimmer.

3. The new by-laws also provided that if a member left no person in the designated class surviving, the proceeds, after the payment of funeral expenses, would go to the welfare fund of the union.

4. The holding of the Supreme Court of Oregon in Rhodes v. Equitable Life Assur. Soc., 109 Or. 586, 220 P. 736, would seem to lend some support to appellant's claim, but some of the statements in the opinion are logically relied upon by appellees. Northern Life Insurance Co. v. Burkholder, 134 Or. 401, 293 P. 919 (holding that the insurer by paying the money into court waived its objections to procedural imperfections in a change of beneficiary) would seem to support appellees' claim upon the theory that the amendment to the by-laws was binding on Zimmer and was equivalent to a change in beneficiary.

5. The policy provides: "This policy and the application of the Union constitute the entire contract between the parties. * * * No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon."

6. See Painters' Union, Local No. 300, v. Anderson, Wash., 206 P.2d 304, so construing the Washington Fraternal Benefit Society statute which is almost identical to the Oregon Statute cited above.

relatively new in our economic history. Although familiar landmarks in established contract and insurance law give some aid in resolving new issues like this one which inevitably arise from time to time, we prefer to guard against a too-strict application of old rules and concepts which were evolved to resolve yesterday's controversies—rules which may fail to consider and allow for new elements and circumstances. The law still retains its fluid and viable character.

■ When a man joins a labor union (or almost any other democratically controlled group), necessarily a portion of his individual freedom is surrendered for the benefit of all members. He accepts the will of the majority of the members in order that he may derive the advantages to be gained from the concerted action of all. Just as the enactments of the legislature bind all of us, so the constitution and by-laws of the union (unless contrary to good morals or public policy, or otherwise illegal), which are duly enacted through democratic processes, bind all of the members. If a member of a union dislikes the provisions of the by-laws he may seek to have them amended or may withdraw from the union; otherwise he must abide by them. It is not the function of courts to decide the wisdom or propriety of legitimate by-laws of a trade union.

When Zimmer elected to become a member of the Teamsters Union he necessarily accepted the benefits he derived from that membership and he subjected himself to the existing by-laws and to their subsequent changes. He derived the benefit of the group insurance plan solely by virtue of his membership in the union. The union had the power to create those insurance benefits in the first instance, and it also had the right to delineate reasonable conditions under which the benefits could be gained.

Appellant asserts that the insurance policy, when issued, contained no limitations as to beneficiaries, and that when the certificate was issued showing appellant as beneficiary, her rights, and those of Zimmer became fixed, and not subject to alteration by subsequent action of the union. But it is clear that the policy did contemplate subsequent action of the union which would alter rights under the policy. Thus it was agreed that members of the union who ceased to belong would no longer be covered under this policy.[7] The policy required the union to advise the insurance company from time to time of the names of its members. Since Zimmer might have lost other rights under this policy through expulsion by the union, it seems to us that the policy contemplated that union by-laws, which it surely had the right to enforce, would, though subsequently adopted, alter Zimmer's rights, and the list of permissible beneficiaries, under the policy.

■ We agree with the trial court that the amendment to the by-laws made the designation of appellant as beneficiary invalid. She had no vested interest in the policy at the time of the enactment of the restriction, because the right to change beneficiaries was reserved in the policy. Grosz v. Grosz, 151 Or. 438, 450, 50 P.2d 119, 123. Therefore, if Zimmer had himself made a change in beneficiary, appellant could not be heard to complain. The act of the majority of the union members was binding upon Zimmer; it was, in legal effect, his own action. The fact that the cancellation of beneficiary was not indorsed upon the certificate is not determinative as between the claimants here. Aetna Life Ins. Co. v. McMonies, 161 Or. 183, 88 P. 2d 290.

Since the designation of appellant as beneficiary became ineffective by the prohibition of the supervening by-law, the result was as though Zimmer died without having named a beneficiary. Therefore, appellees are entitled to the proceeds.

Judgment affirmed.

7. In case of termination of union· membership the insured could secure a new policy without examination, but he would be required to pay the entire premium and the converted policy would carry no disability benefits as provided in the union policy.