Hollice **HOLMAN**, Marshall G. Meek, Albert E. Cavanaugh, Michael A. McCann, Ross J. Pandolfino, Glenn A. Gulick, Joseph F. Mehal, Jr., John L. Hill, George D. Harkins, Vernon Shores and Eugene Pugh, for and on behalf of themselves and others similarly situated as a class, Plaintiffs,

v.

**INDUSTRIAL STAMPING AND MANUFACTURING COMPANY**, Division of Vinco Corporation, a corporation, Mechanics Educational Society of America, Local No. 6 of Detroit, Michigan, an unincorporated association or labor union, George White, President, and Matt E. Smith, Secretary, thereof, Defendants.

No. 15068.

United States District Court
E. D. Michigan, S. D.
June 29, 1956.

216

Edward N. Barnard, Detroit, Mich., for plaintiffs.

James E. Tobin and Miller, Canfield, Paddock & Stone, Detroit, Mich., Jack G. Day, Cleveland, Ohio, James P. Hannan, Detroit, Mich., for defendants.

LEVIN, District Judge.

This action arises out of a labor-management dispute. Plaintiffs allege that defendants are depriving them of vested seniority rights and are discriminating against them as to these rights and other conditions of employment. The employer defendant filed a motion for summary judgment. The other defendants, hereinafter described, filed a motion to dismiss. Both motions are grounded upon the assertion that this Court is without jurisdiction.

The allegations in this proceeding are practically the same as those in Holman v. Industrial Stamping & Mfg. Co., 1955, 344 Mich. 235, 74 N.W.2d 322, a suit dismissed by the Supreme Court of Michigan on jurisdictional grounds. Plaintiffs now assert that their grievances may be adjudicated in the United States District Court.

A summary of the facts alleged in the plaintiffs' amended complaint and in the

defendants' accompanying affidavits and other supporting papers follows:

Defendant, Industrial Stamping and Manufacturing Company, is a division of the Vinco Corporation and in the business of stamping and plating automobile parts. From May 1952 to September 1954 Industrial operated two plants in Detroit, Michigan—a stamping plant on Epworth Boulevard and a plating plant on Beaufait Street. The employees at the Epworth plant were members of Local 174, UAW–CIO and those at the Beaufait plant were members of Local 1, Metal Polishers, AFL. Both unions had collective bargaining agreements with Industrial which, in the absence of objections thereto, were automatically renewed from year to year.

On September 24, 1954 Industrial purchased from the Parker-Wolverine Division of the Udylite Corporation, one of its competitors, a plant on East Grand Boulevard, Detroit. This purchase included the land, buildings, machinery and inventory of the Boulevard plant, but Industrial did not assume any obligation with respect to the employment of the employees of the Boulevard plant. The Boulevard stamping employees were members of The Educational Society of America, (MESA). The Boulevard polishing and plating employees were members of Local 189, UAW–CIO. Local 6, MESA, its president, George White, and its secretary, Matt E. Smith, are the other defendants in this action.

When this sale was consummated, Parker-Wolverine discharged all its Boulevard plant employees, but advised them that Industrial would rehire most of them. On or about September 27, 1954 Industrial did hire, upon individual application, all of Parker-Wolverine's Boulevard employees who were employed on September 24, 1954. Industrial intended to merge all its manufacturing operations into the Boulevard plant by transferring employees and equipment from the Epworth and Beaufait plants.

On September 27, 1954 Industrial filed a petition with the National Labor Relations Board asking that its employees be considered as one unit for collective bargaining purposes and that an election be held to determine the collective bargaining representative of this unit. Locals 174 and 189, UAW–CIO filed similar petitions. The MESA and Local 1, Metal Polishers, AFL intervened in the Labor Board's proceedings and objected to these petitions on the ground that their existing contracts with Parker-Wolverine were a bar to a new election. On March 21, 1955 the Labor Board issued a "Decision and Direction of Election" overruling this objection because the merged plants represented a new operation and ordered an immediate election. The MESA won the subsequent representation election and was duly certified by the Labor Board as the sole collective bargaining representative of Industrial's employees.

Thereafter, Local 6, MESA, began negotiating a collective bargaining agreement covering the terms of the employment of all the employees in the three-plant unit with particular emphasis on the adjustment of the seniority rights between Industrial's original Epworth and Beaufait plant employees and the former Parker-Wolverine employees. During the course of these negotiations, Industrial laid off some of its employees because of production cutbacks. In doing so, Industrial followed a system of seniority apparently approved by the MESA which resulted in laying off both original Epworth-Beaufait employees and former Parker-Wolverine employees.

The original Epworth-Beaufait employees objected to this system claiming that their seniority with Industrial predated that of the former Parker-Wolverine employees; that the former Parker-Wolverine employees were "new employees" who did not become employees of Industrial until September 27, 1954. There were also other job classification adjustments which the Epworth-Beaufait employees claimed were to their detriment.

Subsequently, a group of the Epworth-Beaufait employees, who are the plaintiffs in this suit and who purport to rep-

resent two hundred and twenty-three of the original Epworth-Beaufait employees and "any other employees of the said company similarly situated," filed unfair labor charges with the Detroit Regional Office of the National Labor Relations Board, alleging facts similar to those alleged in this action. Before the Regional Office took action on these charges, plaintiffs filed the complaint in the Circuit Court for the County of Wayne, Michigan, which on appeal was dismissed by the Supreme Court of Michigan. Holman v. Industrial Stamping & Mfg. Co., 1955, 344 Mich. 235, 74 N.W.2d 322.

During the pendency of the appeal in the Supreme Court of Michigan, the acting regional director of the Detroit Office of the National Labor Relations Board decided to refuse to issue a complaint against defendants on the ground that their acts did not constitute unfair labor practices within the meaning of the National Labor Relations Act of 1935, 49 Stat. 449, 29 U.S.C.A. §§ 151–166, as amended by the Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. §§ 141–197. The acting regional director advised plaintiffs that they had the right to appeal, within ten days of receipt of his letter of refusal, to the Labor Board's General Counsel in Washington, D. C. Plaintiffs did not appeal and are now seeking relief in this Court.

Plaintiffs' allegation as to discrimination is based on their claim to certain seniority rights by virtue of collective bargaining agreements which were negotiated by Local 174, UAW–CIO and Local 1, Metal Polishers, Buffers, Platers and Helpers, AFL, prior to the designation of the MESA as plaintiffs' collective bargaining representative, and which plaintiffs claim were automatically renewed and are still in effect.

■ Congress has vested jurisdiction to determine which activities are unfair labor practices within the meaning of the National Labor Relations Act, as amended, in the National Labor Relations Board and not in the United States District Courts. Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 1948, 167 F.2d 183.

■ Thus, the adjudication of a complaint of discrimination involving seniority rights brought about by a company's consolidation of plants, as are complaints of other types of discrimination by either a union or an employer, is within the exclusive jurisdiction of the National Labor Relations Board. Anson v. Hiram Walker & Sons, 7 Cir., 1955, 222 F.2d 100, certiorari denied 1955, 350 U.S. 840, 76 S.Ct. 79, 100 L.Ed. ——. See, Radio Officers' Union of Commercial Telegraphers Union v. National Labor Relations Board, 1953, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455, (Discrimination as to seniority rights); Wallace Corp. v. N.L.R.B., 1944, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216, (Company assisting union, victorious in a representation election, in discriminating against members of the losing union); N.L.R.B. v. International Union of Operating Engineers, etc., 8 Cir., 1954, 216 F.2d 161, N.L.R.B. v. Philadelphia Iron Works, 3 Cir., 1954, 211 F.2d 937, (Discrimination by a union or an employer between the union's members as to conditions of employment or the rights guaranteed by Section 7 of the National Labor Relations Act, as amended, 61 Stat. 140 (1947), 29 U.S.C.A. § 157; Born v. Laube, 9 Cir., 1954, 213 F.2d 407, certiorari denied 1954, 348 U.S. 855, 75 S.Ct. 80, 99 L.Ed. 674, (Discrimination against an individual union member resulting from the personal animosity of a union official toward the member).

■■ A collective bargaining agent certified by the National Labor Relations Board is authorized to negotiate questions of seniority. Ford Motor Co. v. Huffman, 1953, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048. If defendants, MESA, White and Smith, as plaintiffs' certified collective bargaining representative, have discriminated against plain-

tiffs, as alleged in this action, the National Labor Relations Act, as amended, affords plaintiffs the right to seek relief before the National Labor Relations Board. The Act also provides for judicial review of final orders of the Labor Board after the exhaustion of all administrative remedies. 29 U.S.C.A. §§ 159 (d), 160(e, f). See, Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50, 58 S.Ct. 459, 82 L.Ed. 638. This statutory scheme for relief in labor matters involving interstate commerce is in keeping with the Federal constitutional guarantees of due process. N.L.R.B. v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 42, 57 S.Ct. 615, 81 L.Ed. 893; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638.

Mount v. Grand International Brotherhood of Locomotive Engineers, 6 Cir., 1955, 226 F.2d 604, relied on by plaintiffs, is not applicable. The Mount case involved rights under the Railway Labor Act, 44 Stat. 577 (1926), as amended, 45 U.S.C.A. §§ 151–164, which does not provide for administrative remedies of activities considered unfair labor practices under the National Labor Relations Act, as amended.

■ Finally, Section 301 of the Labor Management Relations Act, 61 Stat. 156, 29 U.S.C.A. § 185, does not, as plaintiffs contend, vest this Court with jurisdiction in this case because that provision applies to suits between an employer and a labor union and confers no right upon individuals to bring suit in a United States District Court.[1] E. g., United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997, at page 1000.

An order is being entered dismissing the complaint.

---

1. 29 U.S.C.A. § 185, is in part as follows:
    "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."