262 F.2d 835
 Leonard ADAMS, Andrew Findley, Thomas O'Connor, Andrew Ussery, Clifford Quinn, Charles Miller, Carl Stout, Eugene Owens, Norman Markus, Waldo Larsen, James Mills and George Mecum, Appellants,
v.
INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, W. A. Calvin, President, W. H. Shahane, Vice-President, and The Executive Council, Subordinate Lodge Number 83 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, H. H. Osbourn, President, Appellees.
 No. 5925.
 United States Court of Appeals Tenth Circuit.
 December 3, 1958.
 As Amended January 9, 1959.
 
 Francis J. Donnelly, Kansas City, Kan. (William E. Scott, Kansas City, Kan., on the brief), for appellants.
 Clif. Langsdale, Kansas City, Mo. (Jerome S. Koehler, Kansas City, Kan., and Gibson Langsdale, Kansas City, Mo., of counsel, on the brief), for appellees.
 Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.
 PHILLIPS, Circuit Judge.
 
 
 1
 Leonard Adams and 11 other members[1] of Subordinate Lodge Number 83[2] of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers[3] brought this action in the United States District Court for the District of Kansas against the International Brotherhood, W. A. Calvin, President, and W. H. Shahane, Vice-President of the International Brotherhood, the Executive Council of the International Brotherhood, Lodge No. 83, and H. H. Osbourn, President of Lodge No. 83.
 
 
 2
 The plaintiffs in their complaint alleged that jurisdiction is invoked under § 301(a) (b) (c) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a-c) and under 28 U.S.C.A. § 1337.
 
 
 3
 Plaintiffs further alleged that the International Brotherhood and Lodge No. 83 are voluntary unincorporated labor organizations, which represent employees engaged in an industry affecting commerce; that the International Brotherhood maintains its office in Kansas City, Kansas; that Lodge No. 83 and its duly authorized officers and agents are actively engaged in Kansas City, Kansas in representing and acting for employee members; that on July 10, 1957, the plaintiffs and other members of Lodge No. 83 were notified by the officers of Lodge No. 83 that an election would be held to fill the offices of Business Manager, Treasurer and Financial Corresponding Secretary; that such offices were then held by Shahane, but that he had been elected as Vice-President of the International Brotherhood and would take office as such Vice-President on September 1, 1957; that such members were also notified that the voting would be conducted by absentee ballots, to be distributed to all members and returned by mail to the office of Lodge No. 83.
 
 
 4
 The plaintiffs further alleged that they interposed timely objection to the conduct of the election in the manner proposed, on the ground that it would violate the constitution and by-laws of the International Brotherhood for reasons specifically alleged and for the further reason that more than 50% of the members of Lodge No. 83 resided and worked in metropolitan Kansas City and could be present at an election meeting held as prescribed in the constitution and by-laws; and that the plaintiffs further interposed timely objection to the manner in which the election was being conducted on the ground that it violated the constitution and by-laws of Lodge No. 83 for reasons specifically alleged.
 
 
 5
 The plaintiffs further alleged that they caused written copies of their objections to be served upon Calvin, President of the International Brotherhood, Akers, then President of Lodge No. 83, and Shahane, Business Manager of Lodge No. 83, but were notified that Calvin had approved the conduct of the election by absentee ballot.
 
 
 6
 The plaintiffs further alleged that on August 13, 1957, the ballots were removed from the envelopes in which they had been mailed and that such envelopes bore no identification by which qualifications of voters could be checked; that the ballots were counted and it was announced that Akers had been elected as Business Manager, Treasurer and Financial Corresponding Secretary; that on August 14, 1957, the plaintiffs again objected in writing to Calvin as to the manner in which the election had been conducted, for specific reasons alleged in the complaint, and that Calvin refused to declare the election invalid and to call a new election.
 
 
 7
 The plaintiffs further alleged that on August 15, 1957, an attempt was made to restrain and coerce the plaintiffs, in that the defendants through their agents caused the Stearns-Roger Manufacturing Company to discriminate against some of the plaintiffs by terminating the tenure of their employment, in violation of the Labor Management Relations Act of 1947; and in that after such plaintiffs endeavored to file charges with the National Labor Relations Board they were sent to work on a project located more than 80 miles from their homes.
 
 
 8
 The plaintiffs further alleged that on August 21, 1957, and on September 16, 1957, they requested the defendants to comply with the constitution and by-laws of the International Brotherhood and of Lodge No. 83 and of § 9 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 159, by requiring an audit to be made by a certified public accountant so that a financial report could be furnished to all of the members of Lodge No. 83, showing (1) all receipts and sources of such receipts, (2) total assets and liabilities, and (3) all disbursements and the purposes for which they were made during the entire period of 20 years in which Shahane had served as Business Manager, Treasurer and Financial Corresponding Secretary.
 
 
 9
 Plaintiffs further alleged that on August 21, 1957, they appealed from the decisions of Calvin to the Executive Council of the International Brotherhood; that they were granted a hearing, but were denied the right to be represented by counsel and were extended very little time in which to present their objections; that on September 25, 1957, they were notified that their appeal was denied; and that they had exhausted all remedies and processes available within their own organization.
 
 
 10
 They prayed for a mandatory injunction requiring the holding of a valid election and for the making and furnishing of an audit and financial report and for an injunction restraining the defendants from taking any further retaliatory or discriminatory action against the plaintiffs.
 
 
 11
 The trial court sustained the motion to dismiss, on the ground that it did not have jurisdiction over the subject matter of the action. Plaintiffs have appealed.
 
 
 12
 It is well settled that the relationship existing between a trade union and its members is contractual and that the constitution, charter, by-laws and regulations, if any, constitute a binding contract between the union and its members and between its members, which the courts will enforce, if the contract is free from illegality or invalidity.[4]
 
 
 13
 Section 301(a) of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185(a) provides:
 
 
 14
 "Sec. 301. (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."
 
 
 15
 It will be observed that the statute, by its express terms, is limited to suits between an employer and a labor organization or between labor organizations. The instant action falls in neither category. It is a suit between the labor organizations and their members.
 
 
 16
 It follows that the court did not have jurisdiction over the subject matter under § 301(a), supra.[5]
 
 
 17
 The allegations of the complaint relating to discrimination by the International Brotherhood and Lodge No. 83 in regard to tenure of employment of the plaintiffs, if true, constitute unfair labor practices and violation of §§ 7 and 8(b) (1) and (2) of the Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 157, 158(b) (1, 2). However, Congress has given exclusive jurisdiction over such violations to the National Labor Relations Board and the district courts do not have jurisdiction to give primary relief with respect thereto.[6]
 
 
 18
 Counsel for plaintiffs also contend that their allegations with respect to the election charged both a violation of the constitution and by-laws of the International Brotherhood and a denial of rights guaranteed to them by § 7 of the Labor Management Relations Act of 1947. We do not so construe the complaint. However, if plaintiffs are right in their contention, a violation of § 7 is an unfair labor practice (see 29 U.S. C.A. § 158(a) (1)), with respect to which the National Labor Relations Board has exclusive jurisdiction to grant primary relief.
 
 28 U.S.C.A. § 1337 reads:
 
 19
 
 "1337. Commerce and anti-trust regulations
 
 
 
 20
 "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."
 
 
 21
 To give rise to Federal jurisdiction under § 1337, supra, the basis of the action must concern the validity, construction or enforcement of a statute regulating commerce.[7]
 
 
 22
 The plaintiffs contend that the right asserted with respect to the audit and financial report is one given them by the Labor Management Relations Act of 1947 and therefore the action is one arising under a law regulating commerce, over which the Federal courts are given jurisdiction by virtue of § 1337, supra.
 
 
 23
 But the Supreme Court has held that the provisions of §§ 9(f) and (g) of the Act "merely describe advantages that may be gained by compliance with their conditions" and that "no consequences other than those so listed * * * result from noncompliance" and that a labor organization may elect to comply or not comply as it chooses.[8]
 
 
 24
 It follows that the Act does not give plaintiffs the rights they claim.
 
 
 25
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Hereinafter called the plaintiffs
 
 
 [2]
 Hereinafter called Lodge No. 83
 
 
 [3]
 Hereinafter called the International Brotherhood
 
 
 [4]
 Talton v. Behncke, 7 Cir., 199 F.2d 471, 473; Dyer v. Occidental Life Ins. Co. of Cal., 9 Cir., 182 F.2d 127, 130, 17 A.L.R.2d 923; Radio Station KFH Co. v. Musicians Ass'n Local 297, 169 Kan. 596, 220 P.2d 199, 205
 
 
 [5]
 Murphy v. Hotel & Restaurant Employees & Bartenders International Union, D.C.Mich., 102 F.Supp. 488; Kriss v. White, D.C.N.Y., 87 F.Supp. 734; Snoots v. Vejlupek, D.C.Ohio, 87 F.Supp. 503; Holman v. Industrial Stamping & Manufacturing Co., D.C.Mich., 142 F. Supp. 215
 
 
 [6]
 Holman v. Industrial Stamping & Manufacturing Co., D.C.Mich., 142 F.Supp. 215; Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 167 F.2d 183
 
 
 [7]
 Toledo P. & W. R. R. v. Brotherhood of Railroad Trainmen, 7 Cir., 132 F.2d 265, 268 (reversed on other grounds, Brotherhood of Railroad Trainmen v. Toledo P. & W. R. R., 321 U.S. 50, 64 S.Ct. 413, 88 L.Ed. 534); In re Lennon, 166 U.S. 548, 553, 554, 17 S.Ct. 658, 41 L.Ed. 1110
 
 
 [8]
 United Mine Workers of America v. Arkansas Oak Flooring Co., 351 U.S. 62, 73, 76 S.Ct. 559, 566, 100 L.Ed. 941; National Labor Relations Board v. District 50, United Mine Workers of America, 355 U.S. 453, 462, 463, 78 S.Ct. 386, 2 L.Ed. 2d 401