## Bragg v. The Colonial Life Insurance Company of America

*Henry E. Rea, Jr.*, for plaintiffs.
*John H. Scott, Jr.* of *Reed, Smith, Shaw & McClay*, for defendant.

DOYLE, *J.*, April 3, 1979—The Colonial Life Insurance Company of America (insurer) executed and delivered to Pleasant Hills Volunteer Fire and Relief Association of Allegheny County (association) a group policy covering association members for life, accident and health insurance. Plaintiff in each case is the beneficiary of a deceased member of the association. The policy contained the following language:

"SECTION A
MEMBERS COVERED BY THIS POLICY
ELIGIBILITY
"The members eligible for insurance are all active members of the Pleasant Hills Volunteer Fire & Relief Association of Allegheny County. Members in the service of the Policyholder on the effective

date of the Policy shall be eligible for insurance from that date, provided such member has attended 75% of all fires and drills during the prior twelve month period, and was not hospital confined on the effective date of the Policy. To continue eligibility the 75% attendance of all fires and drills in any twelve month period is mandatory.

"Members entering the service of the Policyholder after the effective date of the Policy shall be eligible for insurance after completion of a probationary period of six months of service with a mandatory attendance of 75% of all fires and drills during that period. Honorary members and exempt members are not eligible for insurance under this Policy."

Defendant refused payment of the $4,000 policy proceeds in each case, asserting that each deceased was not covered because neither was "eligible" under the terms of the policy. Each plaintiff asserts that her deceased husband was eligible; alternatively, that the attempted exclusion of certain classes of insureds is void under the provisions of the Insurance Company Law of May 17, 1921, P.L. 682, as amended, 40 P.S. §341 et seq., which provides, inter alia:

"§532.4 . . . A policy issued to . . . a firemen's fraternity . . . to insure members of such . . . fraternity . . . for the benefit of persons other than the . . . fraternity . . . shall be subject to the following requirements:

"(1) The members *eligible* for insurance under the policy shall be *all* of the members of the union, fraternity, association or federation, *or* all of any class or classes thereof determined by conditions pertaining to their employment, or to membership

in the union, fraternity, association or federation, *or* both.

"(2) The premium for the policy shall be paid by the policyholder, either wholly from the union's funds, the fraternity's funds, association's funds or federation's funds, or partly from such funds and partly from funds contributed by the insured members specifically for their insurance. No policy may be issued on which the entire premium is to be derived from funds contributed by the insured members specifically for their insurance. A policy on which part of the premium is to be derived from funds contributed by the insured members specifically for their insurance may be placed in force only if at least seventy-five per cent of the then eligible members, excluding any as to whom evidence of individual insurability is not satisfactory to the insurer, elect to make the required contributions. *A policy on* which no part of the premium is to be derived from funds contributed by the insured members specifically for their insurance must insure *all* eligible members, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer." (Emphasis supplied.)

The evidence discloses that the association (which we hold to be a "firemen's fraternity" within the meaning of 40 P.S. §532.4, supra) is composed of (1) Honorary members (persons who aid the association but have no associational rights, privileges, powers or duties, (2) Active members, viz.: a fireman between the ages of 18-40 who is credited in any calendar year with sufficient "eligibility points," or a fireman who is a life member by reason of having served for 20 years (each year

earning sufficient eligibility points). All active members are entitled to vote on all association matters, except that life members may not vote for line officers (who actually fight fires) as distinguished from brigade members who perform administrative duties for the association. All active members are entitled to all benefits of the association.

At the times of their deaths each plaintiff's decedent was an active life member of the association, although neither was required to perform any association duties, nor did either pay any dues to the association. Thomas E. Amann died on April 15, 1975, and William Russell Bragg died on May 6, 1975. In each case an appropriate proof of loss was submitted in accord with the policy provisions.

During the 12 months immediately preceding February 21, 1970, February 21, 1971, February 21, 1972, February 21, 1973, and February 21, 1974, neither Amann nor Bragg attended 75 percent of the aggregate of all fires in the Borough of Pleasant Hills and all fire drills conducted by the association. Plaintiffs admit in their answers to new matter that Bragg and Amann were honorary members or exempt members of the association at all times material to this litigation. However, plaintiffs assert that the policy provision which excludes honorary and exempt members from coverage is "unconstitutional, illegal, void . . . and unenforceable."

The justiciable issue is whether vel non defendant must insure *all* members of the association or whether defendant may establish classes of eligible members who are insured.

The object of the group policy of insurance is to supply low cost (the association performs all administration functions relating to the insurance)

insurance to firemen who undertake great risks while actually engaged in conducting drills and actually fighting fires and to afford coverage to the administrative staff necessary to support the firefighters. The purpose of the statute is not thwarted by creating the class of eligible members set forth in the policy.

Plaintiffs' pleadings assert that the exemption of some members of the association from the covered class is "unconstitutional, illegal, void . . . and unenforceable." But this ipse dixit is not supported by proof or argument. There appears to be no decisional law directly on the point. The plain language of the statute clearly permits classes of association members to be insured as a group. Even a cursory reading of (1) of the statute, supra, forces that conclusion. And the language of (2) (last sentence) merely states that if a class *is* established, *all* members of the class must be insured.

We find nothing in the contract of insurance which contravenes any public policy which would render the contract illegal or void and therefore unenforceable. Nor has any language of the constitution been cited which interdicts enforcement of this contract.

Our research discloses nothing suggesting the illegality of the classification contained in the policy. See 1 Appleman, Insurance Law & Practice, §§41 through 48, particularly §44, page 63, fn. 16; 44 Am. Jur. 2d §§1868 through 1896. However, we find classifications of employer or beneficiaries approved in Dyer v. Occidential Life Ins. Co. of California, 182 F. 2d 127 (9th Cir. 1950), and tacitly approved in Harlan v. Washington Nat. Ins. Co., 388 Pa. 88, 130 A.2d 140 (1957); and Cipa v. Metropolitan L. Co., 155 Pa. Superior Ct. 339, 38

A. 2d 518 (1944), affirmed 352 Pa. 298, 42 A. 2d 539 (1945).

For the above reasons we find in favor of defendant in each of the captioned cases. An appropriate order will be entered.

## ORDER

And now, April 3, 1979, we find in favor of defendant The Colonial Life Insurance Company of America in each of the captioned matters. The complaints are dismissed.